No. 04-431

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 83N

STATE OF MONTANA,

       Plaintiff and Respondent,

   v.

GEORGE ALAN FODE,

       Defendant and Appellant.


APPEAL FROM:    District Court of the Twenty-First Judicial District,
                     In and for the County of Ravalli, Cause No. DC-99-116,
                     The Honorable Jeffrey H. Langton, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

              Kristina Guest, Appellate Defender Office, Helena, Montana

       For Respondent:

              Hon. Mike McGrath, Attorney General; John Paulson,
              Assistant Attorney General, Helena, Montana

              George Corn, Ravalli County Attorney; T. Geoffrey Mahar, Deputy
              County Attorney; Hamilton, Montana


                     Submitted on Briefs:  March 16, 2005

                               Decided:  April 5, 2005

Filed:

             _____
                       Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant George Alan Fode (Fode) appeals from an order of the Twenty-First Judicial District Court, Ravalli County, revoking his probation and sentencing him to the Montana State Prison (MSP) for the remainder of his original probation period. We affirm.

¶3 We must decide whether the District Court exceeded its statutory sentencing authority when it ran Fode's Driving Under the Influence (DUI) sentence consecutive to a sentence imposed in another county.

## BACKGROUND

¶4 On October 22, 1999, the state arrested Fode for felony DUI and driving while his license was suspended. The District Court sentenced Fode February 11, 2000, on the felony DUI charge to the Department of Corrections for 13 months and to four years probation. Fode began his four-year probation term on October 11, 2001. Fode later violated his probation. The State petitioned to revoke Fode's probationary sentence. The District Court revoked Fode's probation January 21, 2004, and ordered him to serve the remainder of his probationary sentence in MSP. The court ordered Fode's sentence to run consecutively to a five-year sentence, of which three years were suspended, imposed earlier in Anaconda-

Deer Lodge County. The District Court issued its written judgment confirming Fode's probation revocation and sentence on February 27, 2004. On April 13, 2004, Fode filed a motion to reconsider and requested a *Nunc Pro Tunc* Order. The District Court denied the motion May 18, 2004. Fode now appeals the District Court's sentence.

## STANDARD OF REVIEW

¶5 This Court reviews a district court's sentence for legality only, confining its review to whether the sentence falls within the parameters set by statute. *State v. Eaton*, 2004 MT 283, ¶ 13, 323 Mont. 287, ¶ 13, 99 P.3d 661, ¶ 13.

## DISCUSSION

¶6 Did the District Court exceed its statutory sentencing authority when it ran Fode's DUI sentence consecutive to a sentence imposed in another county?

¶7 Fode asserts that the District Court exceeded its statutory authority under § 61-8-731(5), MCA (1999), when it sentenced him to MSP, ordering his sentence to run consecutive to the sentence in Anaconda-Deer Lodge County. In essence, Fode argues that the District Court sentenced him to MSP for a period that extends beyond October 11, 2005, the theoretical end-date of his initial probation. The State counters the District Court sentence was legal and asserts that Fode failed to establish that the court exceeded its authority by ordering his sentence to be served consecutive to the Anaconda-Deer Lodge County sentence that he already was serving on January 21, 2004.

¶8 Section 61-8-731(5), MCA (1999), which deals specifically with DUI felony convictions, provides that upon a defendant's probation violation, "the court may continue

3

the period of probation or may require the defendant to serve the remainder of the probation sentence in a [correctional facility or appropriate correctional program]." In this instance, Fode's probation sentence was for "four years." Fode completed over two years of this four-year probation sentence before violating his parole. Regardless of whether Fode serves the remaining term of his probation sentence from January 24, 2004, to October 11, 2005, or whether he serves it after having served two years on the Anaconda-Deer Lodge County sentence, the District Court's sentence does not exceed the time remaining on Fode's original term of probation. Thus, the District Court's sentence falls within the parameters set by § 61-8-731(5), MCA (1999).

¶9    Affirmed.

/S/ BRIAN MORRIS


We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE

4