05-471

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 328

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

THOMAS E. OIE,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 2000-314
Honorable John S. Henson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Brian C. Smith, Office of the Public Defender, Missoula, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General, Jennifer Anders,
Assistant Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney, Suzy Boylan-Moore,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  May 3, 2006

Decided:  December 11, 2007

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Thomas Oie appeals the Judgment of the District Court for the Fourth Judicial District, Missoula County, revoking the suspended portion of his sentence and committing him to the Montana State Prison (MSP) for four years. We reverse and remand for further proceedings consistent with this Opinion.

¶2     Oie presents the following issue for review: Whether the District Court erred in sentencing Oie to serve four years at MSP after revoking his suspended sentence.

**Factual and Procedural Background**

¶3     Oie was charged by Information on July 31, 2000, with Operating or Being in Actual Physical Control of a Motor Vehicle While Under the Influence of Alcohol and/or Drugs, a Fourth or Subsequent Offense, a Felony. After entering into a plea agreement with the State, Oie pled guilty to the charge on December 11, 2001. The District Court sentenced Oie to the Department of Corrections (DOC) for 13 months followed by four years of supervised release. The court also ordered that Oie pay a fine of $1,000 and reimburse Missoula County $500 for his court appointed attorney. In addition, the court set various conditions on his probation and recommended that Oie be placed at the Connections Corrections program followed by time at the Missoula Pre-Release Center.

¶4     On September 4, 2003, Oie's probation officer filed a "Petition – Suspected Violation of Probation" stating that Oie had been apprehended on September 3, 2003, for allegedly violating the conditions of his probation. Oie posted bond and was released from custody. Oie's probation officer filed a second "Petition – Suspected Violation of

2

Probation" on October 16, 2003, stating that Oie had been apprehended on October 14, 2003, for allegedly violating the conditions of his probation once again.

¶5    It appears from the record that nothing further occurred in this matter until October 15, 2004, when Oie's probation officer filed a "Report of Violation" alleging that Oie had been stopped by a law enforcement officer on October 12, 2004, as Oie left a bar, that the officer could smell alcohol on Oie and that Oie refused a breath test. Thereafter, the State filed a Petition to Revoke Oie's suspended sentence.

¶6    On April 14, 2005, while the original Petition to Revoke was still pending, the State filed a "Supplemental Petition to Revoke" alleging that on March 25, 2005, Oie had been cited for misdemeanor assault. Oie admitted the various violations of the conditions of his probation and, on April 26, 2005, the District Court revoked Oie's prior sentence and sentenced him to four years at MSP with credit for 74 days of time served. Oie appeals the District Court's sentence.

¶7    Oie had originally presented a second issue for review by this Court regarding the District Court's failure to give him credit for all of the time served at the Missoula Pre-Release Center while serving the suspended portion of his sentence. The District Court subsequently amended its judgment in this case giving Oie credit for an additional 166 days of time served and Oie withdrew that issue on appeal.

**Standard of Review**

¶8    Trial judges are granted broad discretion to determine the appropriate punishment for offenses. *State v. Webb*, 2005 MT 5, ¶ 8, 325 Mont. 317, ¶ 8, 106 P.3d 521, ¶ 8 (citing *State v. Hembd*, 254 Mont. 407, 411, 83 P.2d 412, 415 (1992)). On appeal we will

not review a sentence for mere inequity or disparity. *Webb*, ¶ 8. Instead, we will only review a criminal sentence for its legality; that is, whether the sentence is within statutory parameters. *Webb*, ¶ 8 (citing *State v. Heath*, 2004 MT 58, ¶ 8, 320 Mont. 211, ¶ 8, 89 P.3d 947, ¶ 8). Moreover, a trial court's statutory interpretation is a question of law, which we review to determine whether it is correct. *Webb,* ¶ 8.

**Discussion**

¶9     *Whether the District Court erred in sentencing Oie to serve four years at MSP after revoking his suspended sentence.*

¶10     We have previously stated that the law in effect at the time the crime was committed controls as to the possible sentence. *State v. Muhammad*, 2002 MT 47, ¶ 24, 309 Mont. 1, ¶ 24, 43 P.3d 318, ¶ 24. In the instant case, since Oie committed his offense in June 2000, the 1999 version of the Montana Code is controlling.

¶11     On appeal, Oie contends that the District Court erred in sentencing him to serve four years in the MSP after revoking his suspended sentence. He maintains that the District Court was limited to sentencing him to serve only the remaining portion of the suspended sentence. In other words, Oie argues that the court could not impose a sentence that was greater than the remainder of the probationary term. To that end, Oie relies on § 61-8-731(5), MCA (1999), which provides:

> If a violation of the restrictions or conditions of the probation is established, the court may continue the period of probation or may require the defendant to serve *the remainder of the probation sentence* in one of the facilities set forth in subsection (2)(a) or (2)(b). The court may credit the remainder of the probation or the time to be served in a facility set forth in subsection (2)(a) or (2)(b) with all or part of the time already served on probation. [Emphasis added.]

¶12 The State contends that Oie's argument is persuasive if one looks only to the plain language of § 61-8-731(5), MCA, and ignores § 61-8-731(4)(b), MCA (1999). This latter subsection provides that "[t]he department of corrections may order all or any portion of the term of probation to be served under intensive supervision." Section 61-8-731(4)(b), MCA. The second sentence of subsection (4)(b) provides that the provisions of Title 46, chapter 23, part 10, relating to probation, apply to the probation.

¶13 Relying on this second sentence of subsection (4)(b), the State points out that under § 46-23-1013(2), MCA, the sentencing court is afforded broader authority when imposing a sentence upon revocation. Specifically, § 46-23-1013(2), MCA, provides:

> If the violation is established, the court may continue to revoke the probation or suspension of sentence and may require him to serve the sentence imposed or any lesser sentence and, if imposition of sentence was suspended, *may impose any sentence which might originally have been imposed.* [Emphasis added.]

¶14 The State fails, however, to take into consideration that subsection (4)(b) provides that "*[t]he department of corrections* may order all or any portion of the term of probation to be served under *intensive supervision*" (emphasis added). There is no indication here that Oie's probation was to be served under "intensive supervision." Indeed, the DOC placed Oie in the Connections Corrections program followed by time at the Missoula Pre-Release Center. Upon completing that program, Oie was released from the DOC commitment and began serving the supervised release portion of the sentence. Consequently, contrary to the State's contentions, since Oie was never placed under "intensive supervision," subsection (4)(b), and concomitantly, § 46-23-1013(2), MCA, do not come into play. Furthermore, subsection (4)(b) refers to the *DOC* imposing an order

5

on probation for intensive supervision, it does not, as the State implies, give a *district court* any authority to order a defendant to serve *all* of the term of probation.

¶15 In his brief on appeal, Oie directs our attention to an unpublished opinion from this Court, *State v. Fode*, 2005 MT 83N, 327 Mont. 534, 115 P.3d 219, noting that *Fode* was actually resolved without specifically addressing § 61-8-731(5), MCA. Similarly, the State cites to an unpublished order of this Court, *State ex rel. William Best v. Slaughter*, No. 04-497 (August 31, 2004), in support of its argument that a sentencing court is not limited to imposing the remainder of the suspended term upon revocation of the probationary portion of a DUI sentence.

¶16 Once again we take this opportunity to stress that unpublished orders and opinions from this Court are not to be cited as precedent. Indeed, unpublished opinions begin with an unambiguous and specific directive to counsel: "the following decision shall not be cited as precedent." These sorts of orders and opinions are unpublished for a reason. And, we admonish counsel not to cite to or rely on such orders and opinions in the future. Moreover, when included in briefs, we give no regard to such citations. Our decision here disregards both Oie's and the State's improper citations.

¶17 The proper subsection of § 61-8-731, MCA, to apply in this case is, as Oie argues, subsection (5) providing that the court "may continue the period of probation or require the defendant to serve the *remainder of the probation sentence* in one of the facilities set forth in subsection 2(a) or 2(b)" (emphasis added). As Oie points out in his brief on appeal, absent § 61-8-731(5), MCA, Oie's revocation of sentence would be controlled by § 46-18-203, MCA (1999). Under § 46-18-203(7), MCA, a district court could sentence

6

a defendant to continue probation without a change in conditions; continue the probation with modified or additional terms and conditions; or require the defendant to serve either the sentence imposed or any lesser sentence. However, § 46-18-203(7), MCA, directly conflicts with the provisions of § 61-8-731(5), MCA. Pursuant to § 1-2-102, MCA, in interpreting statutes "[w]hen a general and particular provision are inconsistent, the latter is paramount to the former, so a particular intent will control a general one that is inconsistent with it." Thus, when a general statute conflicts with a more specific statute, the more specific statue controls. Section 61-8-731(5), MCA, specifically applies to felony DUI revocations, while § 46-18-203(7), MCA, applies to all revocation proceedings in general. Consequently, § 61-8-731(5), MCA, governs the imposition of sentence upon the revocation of Oie's suspended sentence for felony DUI and limits the District Court to either continuing the period of probation or requiring Oie "to serve the *remainder* of the probation sentence" (emphasis added).

¶18    Accordingly, we hold that the District Court erred in sentencing Oie to serve four years at MSP after revoking his suspended sentence and we remand to the District Court for resentencing consistent with this Opinion.

¶19    Reversed and Remanded.

/S/ JAMES C. NELSON

We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS