

DA 13-0616

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 96

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

DAVID JOHN FERRE,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-10893
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       David John Ferre, self-represented; Deer Lodge, Montana

       For Appellee:

       Timothy C. Fox, Montana Attorney General; C. Mark Fowler, Appellate Bureau Chief; Helena, Montana

       Fred Van Valkenburg, Missoula County Attorney; Missoula, Montana

               Submitted on Briefs:  March 12, 2014
                         Decided:  April 15, 2014

Filed:

_____
                      Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1      This appeal stems from 1993 criminal charges in Cause No. DC-93-10893 (Cause No. 10893) against David John Ferre.  Ferre's resulting 1994 sentence required, among other things, that he pay restitution to his assault victim and pay the uninsured portion of his 1994 detox treatments provided by St. Patrick's Hospital.  In 2013, Ferre, who is currently incarcerated at Montana State Prison (MSP) on unrelated criminal charges in Cause No. DC-02-95, moved the Fourth Judicial District Court, Missoula County, to compel the Department of Corrections (DOC) to stop garnishing his prison wages and applying the garnished funds to his restitution obligation in Cause No. 10893.  He claims he discharged his sentence in Cause No. 10893 in 2001 and is no longer obligated to pay restitution.  The District Court denied his motion and Ferre, acting *pro se*, appeals.  We affirm.

## ISSUE

¶2      Did the District Court abuse its discretion when it denied Ferre's motion to compel?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3      In early November 1993, Ferre was charged in Cause No. 10893 with 3 felony offenses:  assault, intimidation, and criminal possession of dangerous drugs with intent to sell.  He was also charged with misdemeanor criminal mischief.  On November 24, 1993, Ferre pled guilty to the felony charges and the State dismissed the misdemeanor charge.

2

That same day Ferre entered St. Patrick's Hospital for detox services where he remained for an undisclosed number of days and incurred a bill of $5,770.38.

¶4    On January 26, 1994, the District Court orally sentenced Ferre to 3 concurrent 10-year sentences—a 10-year term for each felony charge. The court also sentenced him to a consecutive 5-year sentence based upon Ferre's use of a weapon in the commission of felony assault. The court suspended the entire sentence subject to specific conditions, including payment of restitution. Ferre was ordered to pay his victim $575 and to pay the uninsured portion of the St. Patrick's Hospital bill. The oral sentence was reduced to a Judgment on February 23, 1994.

¶5    On the same day the District Court issued its written judgment, the Missoula County Attorney petitioned the court to revoke Ferre's suspended sentence based upon Ferre testing positive for intoxicants during a mandatory urine analysis. A revocation hearing was conducted on April 22, 1994, at which Ferre admitted to violating the terms of his suspended sentence. The District Court orally revoked Ferre's suspended sentence and sentenced him to serve 3 concurrent 10-year sentences followed by a consecutive 5-year sentence at MSP. The District Court issued its written revocation judgment on May 3, 1994. Neither the court's oral pronouncement of revocation nor its written judgment addressed Ferre's obligation to pay restitution.

¶6    Ferre applied for sentence review and the Sentence Review Board (Board) modified his sentence as it pertained to time served. Additionally, the Board's order reinstated Ferre's obligation to pay restitution upon parole.

¶7   Ferre was paroled in September 1996. The District Court ordered him to begin paying at least $20/month to his assault victim and to St. Patrick's Hospital. It subsequently amended the restitution order to require Ferre to pay full restitution to his victim before paying St. Patrick's. In late 1997, Ferre established that the hospital had received an insurance payment of $4,435.89 for his detox treatments. The District Court subsequently reduced Ferre's restitution obligation to St. Patrick's to $1,334.49. Ferre discharged his prison sentence in Cause No. 10893 on October 23, 2001. There is nothing in the District Court record that indicates the amount of restitution Ferre paid between the time he was paroled in 1996 and the date of his discharge.

¶8   Ferre is currently serving time at MSP in Cause No. DC-02-95, having been sentenced on September 13, 2012, for probation violations stemming from an unrelated 2002 felony drug possession conviction. Since his most recent incarceration, DOC has been garnishing Ferre's prison wages and applying the garnished funds to his restitution obligation in Cause No. 10893. In June 2013, Ferre moved the District Court to compel DOC to stop garnishing his account, claiming he owes no further restitution in Cause No. 10893 because he had discharged that sentence.

¶9   The District Court determined that a restitution obligation is not a criminal punishment but is a civil remedy and judgment. The court stated that Ferre's restitution obligation did not "evaporate" when he discharged his prison sentence in Cause No. 10893; rather, a restitution obligation "remains with the offender until it is fully satisfied." Consequently, the District Court denied his motion to compel.

4

¶10    Ferre appeals.  We affirm.

## STANDARD OF REVIEW

¶11    A district court's decision to grant or deny a post-trial motion is discretionary.  We review such rulings in criminal cases for an abuse of discretion. The burden of demonstrating such an abuse is on the party seeking reversal of the district court's ruling. *State v. Griffin*, 2007 MT 289, ¶ 10, 339 Mont. 465, 172 P.3d 1223 (*citing State v. Sheehan*, 2005 MT 305, ¶ 18, 329 Mont. 417, 124 P.3d 1119).

¶12    Additionally, the court's ruling on Ferre's motion to compel constitutes a conclusion of law for which we conduct a plenary review to determine if the court's conclusion is correct.  *State v. Brown*, 2008 MT 115, ¶ 11, 342 Mont. 476, 182 P.3d 75.

## DISCUSSION

¶13    *Did the District Court abuse its discretion when it denied Ferre's motion to compel?*

¶14    Ferre complains that while he is serving time in Cause No. 02-95, the DOC is garnishing his prison wages and using them to pay a restitution obligation in Cause No. 10893—an obligation he asserts no longer exists.  He claims his restitution obligation extinguished on October 23, 2001, at the time his prison term for Cause No. 10893 was discharged.  He relies on *State v. Dickerson*, 2006 MT 197N (an unpublished opinion issued by this Court) to support his position.  He argues that *Dickerson* is on point and dictates that DOC must cease garnishing his wages and return all funds collected illegally.

5

¶15 Ferre has improperly cited *Dickerson*. It is well-established that unpublished orders and opinions from this Court are not to be cited as precedent. *State v. Oie*, 2007 MT 328, ¶ 16, 340 Mont. 205, 174 P.3d 937. We plainly and unambiguously state in the first paragraph of every unpublished opinion that such opinions "shall not be cited as precedent." In *Oie*, we admonished counsel for both parties for citing to unpublished opinions. Moreover, we disregarded the improperly cited cases. *Oie*, ¶ 16. *See also State v. Little*, 260 Mont. 460, 468, 861 P.2d 154, 159 (1993).

¶16 While we may grant wider latitude to *pro se* litigants in court proceedings, we cannot grant latitude "so wide as to prejudice the other party." *Neil Consultants, Inc. v. Lindeman*, 2006 MT 80, ¶ 8, 331 Mont. 514, 134 P.3d 43. Additionally, "it is reasonable to expect *pro se* litigants to adhere to procedural rules." *Neil Consultants, Inc.*, ¶ 8. As we did in *Oie* and *Little*, we disregard the portion of Ferre's argument that is based upon our unpublished *Dickerson* opinion. We therefore turn to Ferre's argument that his obligation to pay restitution terminated when his sentence in Cause No. 10893 discharged.

¶17 The State argues that Montana's criminal sentencing statutes and *Brown* clearly establish that Ferre's obligation to pay restitution did not extinguish at the time he discharged his prison sentence. In *Brown*, Brown was ordered to pay restitution in two separate criminal proceedings—approximately $4,765 stemming from his 1987 offenses and $1,600 for his 1995 offenses. *Brown*, ¶¶ 2-3. Brown discharged his prison terms for these cases in February 2001. DOC established that at the time of Brown's release, he

6

had paid a total of $75 toward his 1987 restitution order and $35 toward his 1995 order. *Brown*, ¶ 4. In June 2006, Brown returned to MSP and DOC began garnishing his prison wages toward payment of his 1987 and 1995 restitution obligations. *Brown*, ¶ 6.

¶18 Brown complained to the Eighth Judicial District Court, Cascade County, that he had discharged those sentences and thus DOC had no authority to garnish his wages to pay restitution in those cases. He sought an order requiring that DOC stop garnishing his funds and return those funds seized unlawfully. *Brown*, ¶ 7. The district court granted Brown's motion and DOC appealed. *Brown*, ¶¶ 8-9. We reversed. We expressly determined based upon our criminal sentencing statutes that Brown's 1987 and 1995 restitution obligations were not "discharged" or otherwise "fulfilled" at the time he discharged his prison terms. *Brown*, ¶ 19.

¶19 We concluded that DOC through a Notice of Discharge does not have "the power to void, nullify, or otherwise relieve an offender of a court-ordered restitution obligation." *Brown*, ¶ 17. We further concluded that § 46-18-247(3), MCA, establishes that restitution orders are considered civil judgments, not criminal penalties. Additionally, we noted that § 46-18-241(1), MCA, requires an offender to pay full restitution whether the offender is still under DOC supervision or not. *Brown*, ¶ 18.

¶20 *Brown* is controlling in this case. Since 1997, § 46-18-241(1), MCA, clearly instructs sentencing courts to "require an offender to make *full* restitution to any victim of the offense who has sustained pecuniary loss as a result of the offense, including a person suffering an economic loss as a result of the crime." (Emphasis added.) As did the 1997

7

version, the current version of this statute provides: "The duty to pay full restitution under the sentence remains with the offender or the offender's estate until full restitution is paid, whether or not the offender is under state supervision." Just as these statutes applied to Brown's restitution obligations from 1987 and 1995, they apply to Ferre's 1993 restitution obligation. Ferre did not discharge his court-mandated obligation to compensate his assault victim or St. Patrick's Hospital by discharging his prison term.

¶21 Furthermore, as we noted in *Brown*, DOC is authorized to garnish Ferre's prison wages under §§ 46-18-237, MCA, and 46-18-244(6)(a), MCA (2003). *Brown*, ¶ 21. The former statute sets forth the procedure to be used by DOC to obtain a court order to garnish an offender's prison account to pay owed restitution. The latter mandates that "during any period that the offender is incarcerated, [DOC] shall take a percentage . . . of any money in any account of the [offender] administered by the department and use the money to satisfy any existing restitution obligation." Ferre argues that § 46-18-244(6), MCA (2003), which we relied upon in *Brown*, has no application to his case because the amended paragraph (6) applies only to offenders owing restitution on or after October 1, 2003. He maintains that he owed no restitution on that date because he discharged his restitution obligation with the sentence on October 23, 2001. Having found that Ferre's restitution obligation did not extinguish when he discharged his prison sentence, we conclude that § 46-18-244(6), MCA, applies to Ferre and authorizes DOC to garnish his current prison wages. Because we so conclude, we deem it unnecessary to address Ferre's arguments relating to the application of other statutes.

8

¶22 In summary, we conclude Ferre's restitution obligations did not discharge at the time he discharged his prison sentence. Montana's criminal sentencing statutes clearly establish that restitution obligations remain with the offender or the offender's estate until they are fully paid.

## CONCLUSION

¶23 For the foregoing reasons, we affirm the District Court's denial of Ferre's motion to compel.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON