FILED

09/27/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0700

DA 15-0700

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 241N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

TERRY DUANE KRAUSE,

Defendant and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-11-319(B)
Honorable Robert B Allison, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Terry D. Krause, Self-Represented, Deer Lodge, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
Assistant Attorney General, Helena, Montana

Ed Corrigan, Flathead County Attorney, Alison E. Howard, Deputy
County Attorney, Kalispell, Montana

Submitted on Briefs: August 17, 2016

Decided: September 27, 2016

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Terry Duane Krause appeals the order by the Eleventh Judicial District Court, Flathead County, denying his Petition for Remission of Fines, Costs and Restitution. We address whether the District Court abused its discretion when it denied Krause's Petition for Remission of Fines, Costs and Restitution. We affirm.

¶3      On September 27, 2011, Krause was charged with one count of purposely or knowingly exploiting a developmentally disabled person in violation of § 52-3-825(3)(a), MCA. Krause convinced C.R., a mentally ill woman, to write checks for his medication. Krause told C.R. that if she wrote the checks, he would pay them off with his anticipated gambling winnings before the checks were deposited. C.R. believed Krause was paying off the checks as promised; however, collection agencies contacted C.R. after she wrote fifty-three nonsufficient funds checks totaling $3,688.83.

¶4      On June 21, 2012, Krause entered into a plea agreement with the State, whereby he agreed to plead guilty to the exploitation charge in exchange for the dismissal of a felony charge of issuing a bad check. On October 25, 2012, the District Court accepted Krause's guilty plea and the State's recommended deferred sentence for a period of six years, and ordered Krause to pay $3,688.83 in restitution to C.R. and an additional

2

$14,621.41 to victims in the dismissed matter. The District Court also ordered Krause to determine whether accrued Social Security Disability back pay totaling $6,412 could be reissued as partial payment of his restitution award, to which Krause agreed. On February 7, 2013, Krause's probation officer filed a report of violation, alleging Krause failed to report to the Butte Probation and Parole Office after his sentencing hearing and never made any payments on his restitution obligations. On February 27, 2013, the State filed a petition to revoke Krause's deferred imposition of sentence. Krause denied the allegations, but failed to appear for his revocation hearing.

¶5 On December 5, 2013, the District Court found that Krause violated the conditions of his deferred sentence, and committed Krause to the custody of the Department of Corrections for ten years with three years suspended. The suspended portion of Krause's sentence imposed the same conditions as his deferred sentence. On January 15, 2014, the District Court issued the written revocation order, which Krause did not appeal. He later filed an application for sentence review, and the Sentence Review Division affirmed his sentence. On July 6, 2015, Krause filed a motion to be released of all financial obligations, asserting that he had no income while incarcerated, and that when released on parole, he cannot work due to a disability and will only receive $843 in monthly disability income. On September 11, 2015, the District Court issued an order denying the motion. On November 12, 2015, sixty-two days after the order, Krause filed his notice of appeal. Krause's petition requested remission of the restitution imposed and referenced his anticipated $920 a month disability pay as evidence of his inability to pay with no other change in circumstances beyond his control.

3

¶6    We review the grant or denial of a post-trial motion for an abuse of discretion. *State v. Griffin*, 2007 MT 289, ¶ 10, 339 Mont. 465, 172 P.3d 1223.    Under § 46-18-201(5), MCA, when an offender is found guilty of an offense and the sentencing court finds that a victim has sustained a pecuniary loss, the court shall require payment of full restitution to the victim.    Unlike § 46-18-232(2), MCA, which requires the sentencing court to consider an offender's ability to pay other costs, § 46-18-241, MCA, does not require a court to consider an offender's financial resources or ability to pay with regard to restitution.    *See State v. Kuykendall*, 2006 MT 110, ¶ 12, 332 Mont. 180, 136 P.3d 983 (citing *State v. Workman*, 2005 MT 22, ¶ 15, 326 Mont. 1, 107 P.3d 462).    The sentencing court shall require an offender to make full restitution to victims that sustained a pecuniary loss, including an economic loss, unless the court finds that "because of circumstances beyond the offender's control, the offender is not able to pay any restitution."    Section 46-18-241(3), MCA.

¶7    Although we grant wider latitude to pro se litigants in pro se proceedings, Krause's appeal alleges no facts and cites nothing in the record to support a contention that he is unable to pay any restitution because of circumstances beyond his control.    *See State v. Ferre*, 2014 MT 96, ¶ 16, 374 Mont. 428, 322 P.3d 1047.    We conclude the District Court did not abuse its discretion when it denied Krause's Petition for Remission of Fines, Costs and Restitution based on hardship.    He agreed to pay over $6,400 in disability back pay, which the District Court considered in initially giving him a probationary sentence.    However, he failed to make any payments toward restitution during his probation.    Krause's Petition does not meet any of the standards for relief from

4

restitution. Because we decide this case on the merits, we decline to address whether Krause's appeal should be dismissed as untimely or whether this Court should affirm the District Court's order denying Krause's Petition for Remission of Fines, Costs and Restitution on the grounds that the petition was untimely and contained only claims that were procedurally barred. However, we note § 46-18-246, MCA, provides that a petition to adjust or otherwise waive payment of ordered restitution or amount paid pursuant to § 46-18-241(2)(a), MCA, may be filed at any time.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's denial of Krause's Petition for Remission of Fines, Costs, and Restitution was not an abuse of discretion. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE

5