FILED

10/03/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0525

DA 16-0525

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 242N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MICHAEL JEFFERY ROOT,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte-Silver Bow, Cause No. DC-12-116
Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Michael Jeffery Root (Self-Represented), Shelby, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Eileen Joyce, Butte-Silver Bow County Attorney, Butte, Montana

Submitted on Briefs:  September 13, 2017

Decided:  October 3, 2017

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Root (Root) appeals from a District Court order denying Root's motion to compel the State to provide criminal histories of witnesses who testified at his jury trial in February 2013. We affirm.

¶3 On July 27, 2012, Lawrence Lee was driving his truck when he picked up two individuals, Root and a juvenile referred to as S.R., in Butte, Montana. The passengers asked for a ride up the hill to Walkerville. During this ride, Lawrence Lee was stabbed by Root in the arm and neck and cut on his hand. After S.R. jumped out of the truck and Root was forced out by Lee, S.R. and Root fled the scene.

¶4 On February 14, 2013, a jury convicted Root of attempted deliberate homicide, a felony. The jury also made a separate finding that Root knowingly displayed, brandished or otherwise used a dangerous weapon in the commission to such offense. On August 15, 2013, the District Court sentenced Root to a term of forty years at the Montana State Prison for the underlying offense, and to a consecutive ten-year term of imprisonment for the weapon enhancement. Root subsequently filed an appeal. On October 27, 2015, this

Court affirmed Root's conviction. *State v. Root*, 2015 MT 310, ¶¶ 30-31, 381 Mont. 314, 359 P.3d 1088.

¶5 On July 6, 2016, Root filed a motion to compel criminal records of three State witnesses and a fourth witness who was called by the defense. In his motion, Root also requested records from adult probation and parole, the sheriff's office, and any other correctional institution related to any criminal placements of each of the witnesses at issue. Lastly, Root requested documents maintained by the County Attorney's Office and other Butte-Silver Bow County law enforcement agencies related to any plea bargains, deals, gifts, or inducements offered to the witnesses at issue. Root contends that he needs this information to assist in preparation of a petition for post-conviction relief.

¶6 "A district court's decision to grant or deny a post-trial motion is discretionary. We review such rulings in criminal cases for an abuse of discretion. The burden of demonstrating such an abuse is on the party seeking reversal of the district court's ruling." *State v. Ferre*, 2014 MT 96, ¶ 11, 374 Mont. 428, 322 P.3d 1047 (citing *State v. Griffin*, 2007 MT 289, ¶ 10, 339 Mont. 465, 172 P.3d 1223; *State v. Sheehan*, 2005 MT 305, ¶ 18, 329 Mont. 417, 124 P.3d 1119)).

¶7 There is nothing in Montana's statutory law that allows a petitioner to obtain discovery before a petition for post-conviction relief is filed. Here, Root is making a discovery request. However, the period for discovery in his case is long overdue. By the time Root filed his motion to compel, it had been over three years since his sentencing and nine months since this Court affirmed his conviction and sentencing. We hold that

the District Court did not abuse its discretion in denying Root's motion to compel discovery.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9     Affirmed.


/S/ MIKE McGRATH


We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON
/S/ JIM RICE