FILED

10/18/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0577

DA 20-0577

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 204

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RUSSELL KORTAN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Dawson, Cause No. DC-07-047
Honorable Katherine M. Bidegaray, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Rachel G. Inabnit, Law Office of Rachel Inabnit, PLLC, Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Jonathan M. Krauss, Assistant
Attorney General, Helena, Montana

      Brett Irigoin, Dawson County Attorney, Glendive, Montana

Submitted on Briefs:  August 17, 2022

Decided:  October 18, 2022

Filed:

_____
                          Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Defendant and Appellant Russell Kortan (Kortan) appeals from the October 6, 2020 Order Revoking Suspended Sentence and Imposing Sentence issued by the Seventh Judicial District Court, Dawson County. The District Court's Order revoked Kortan's suspended sentence, committed him to the custody of the Montana Department of Corrections (DOC) for three years, and gave him credit for 105 days of elapsed time and 181 days of previously-served jail time.

¶2 We address the following restated issue on appeal:

*Whether the District Court issued an illegal sentence by failing to give credit for time served on sentences that were ordered to run concurrent to Kortan's revocation sentence.*

¶3 We reverse and remand with instructions to credit Kortan with an additional 604 days of time served.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶4 In November 2007, Kortan was charged with one felony count of issuing bad checks, common scheme, in Dawson County Cause No. DC-07-047. Kortan pled guilty to this charge via a nonbinding plea agreement in December 2007. On April 8, 2008, the District Court held a sentencing hearing. At that hearing, the court orally imposed a five-year deferred sentence with conditions including the payment of $6,760 in restitution, and granted Kortan credit for 39 days served in jail prior to sentencing. A written order reflecting the court's judgment and deferred imposition of sentence followed on April 10, 2008.

2

¶5     On December 19, 2008, Kortan was sentenced by the District Court on two other criminal matters: Dawson County Cause No. DC-08-027 and Prairie County Cause No. DC-08-04.  In each of those cases, Kortan was sentenced to DOC custody for a period of five years, with two years suspended.  The District Court ordered the sentence in both cases to run concurrently with each other, and concurrently with Dawson County Cause No. DC-07-047.  Relevant to this proceeding, Kortan was incarcerated in various facilities around the state between December 19, 2008, and July 7, 2010.

¶6     In late 2012 and early 2013, the State filed a petition and an amended petition to revoke Kortan's deferred sentence in Dawson County Cause No. DC-07-047.  Kortan ultimately admitted to the allegations of the State's amended petition and the District Court held a dispositional hearing on February 28, 2013.  At that hearing, the court revoked Kortan's deferred imposition of sentence and sentenced him to an eight-year DOC commitment, with three years suspended.  The District Court ordered this sentence to run concurrently with the sentences in Dawson County Cause No. DC-08-027 and Prairie County Cause No. DC-08-04.  The court did not grant Kortan credit for any elapsed time served while on probation.  A written order reflecting the court's sentence was issued on March 4, 2013.

¶7     On February 10, 2017, Kortan filed, pro se, a Motion for Credit for Time Served, seeking credit for two years of time served "towards District Court No. DC 07-047[.]"  On March 3, 2017, the State filed its Response to Defendant's Motion for Credit for Time Served.  In its response, the State, relying on *State v. McCaslin*, 2011 MT 221, 362 Mont.

47, 260 P.3d 403, argued no sentence was imposed in this case until February 28, 2013, and therefore Kortan was not entitled to credit for the time he spent incarcerated due to the sentences in Dawson County Cause No. DC-08-027 and Prairie County Cause No. DC-08-04. On March 21, 2017, the District Court issued its Order Denying Motion for Credit for Time Served. The court denied Kortan's motion, determining Kortan "was not sentenced until February 28, 2013," and, "[s]ince he had not been sentenced in this matter, the approximately one year eight months referred to by the defendant in DC 08-027 and DC 08-04 cannot serve as good time and affect the February 28, 2013[] sentence in this matter."[1]

¶8     In 2019, DOC Probation and Parole Officer Melanie Etchemendy (PO Etchemendy) filed an Affidavit in Support of Petition for Revocation of Order of Suspended Sentence, along with a Report of Violation. The State thereafter filed a Petition for Revocation of Suspended Sentence. Throughout late 2019 and early 2020, PO Etchemendy filed several addendums to her report of violation, and the State filed both an amended and second amended petition to revoke Kortan's suspended sentence. Kortan admitted to the allegations of the State's second amended petition to revoke at an adjudicatory hearing on May 19, 2020. The District Court ultimately held a dispositional hearing on September 28, 2020. At that hearing, counsel for Kortan requested the court "simply give [Kortan] credit

_____

[1] The presiding judge at this time was the Honorable Richard A. Simonton, who has since passed away.

4

for time served and close this docket so he can start anew on his new cases." The State noted Kortan had already filed a motion for time served, which was denied by the court because Kortan had not been sentenced and "the jail days, or the incarceration days from that previous time has already been addressed by Judge Simonton, and the Defendant was not given credit for that." The District Court then orally sentenced Kortan to a three-year DOC commitment and gave him credit for 105 days of elapsed time and 181 days of previously-served jail time. The court's written Order Revoking Suspended Sentence and Imposing Sentence followed on October 6, 2020.

¶9 Kortan appeals. Additional facts will be discussed as necessary below.

## STANDARD OF REVIEW

¶10 "While we review a district court's revocation of a suspended sentence for abuse of discretion, when the district court's authority to take a specific action is at issue, the question is one of law and our review is de novo." *State v. Gudmundsen*, 2022 MT 178, ¶ 8, 410 Mont. 67, ___ P.3d ___ (internal citation omitted). "Calculating credit for time served is not a discretionary act, but a legal mandate." *State v. Tippets*, 2022 MT 81, ¶ 10, 408 Mont. 249, 509 P.3d 1 (quoting *State v. Parks*, 2019 MT 252, ¶ 9, 397 Mont. 408, 450 P.3d 889). A district court's determination of credit for time served is therefore reviewed for legality. *Tippets*, ¶ 10 (citing *Parks*, ¶ 7). A determination of legality is a question of law that we review de novo. *Parks*, ¶ 7 (citing *State v. Seals*, 2007 MT 71, ¶ 7, 336 Mont. 416, 156 P.3d 15).

5

**DISCUSSION**

¶11 *Whether the District Court issued an illegal sentence by failing to give credit for time served on sentences that were ordered to run concurrent to Kortan's revocation sentence.*

¶12 As a preliminary matter, the State points out that the District Court's October 6, 2020 revocation sentence (as well as the February 28, 2013 revocation sentence) failed to give Kortan credit for 39 days served in jail prior to the court's April 8, 2008 deferred imposition of sentence, credit for which the court granted at that time, and concedes the matter should be remanded to grant Kortan credit for an additional 39 days of time served.

¶13 The remainder of this matter concerns whether Kortan should have been granted credit for time spent incarcerated between December 19, 2008, and July 7, 2010—a total of 565 days. Kortan argues he is entitled to credit for this time because, when he was sentenced in Dawson County Cause No. DC-08-027 and Prairie County Cause No. DC-08-04, those sentences merged with the underlying deferred sentence in Dawson County Cause No. DC-07-047 and credit for time spent incarcerated is mandatory under § 46-18-203(7)(b), MCA. The State asserts Kortan's argument is both "meritless and unpreserved," because, when Kortan was sentenced in Dawson County Cause No. DC-08-027 and Prairie County Cause No. DC-08-04, "he was not serving any sentence at all in this case." We agree with Kortan.

¶14 We must first determine whether Kortan's claim is preserved for appellate review. Based upon the unique nature of sentencing upon revocation, we conclude the claim is preserved. The general sentencing statutes are not applicable in this revocation matter

6

because "sentencing upon the revocation of a suspended or deferred sentence is particularly and expressly governed by § 46-18-203, MCA[.]" *Seals*, ¶ 15. Here, while Kortan does allege he should have originally been given credit for the additional 565 days when the District Court conducted its first sentencing upon revocation in 2013, he is specifically challenging the sentence upon revocation imposed by the District Court in 2020. As Kortan notes, he is not challenging his underlying conviction from 2008, the first revocation sentence from 2013, or the fact his sentence was revoked on either occasion here, but instead is arguing the 2020 revocation sentence itself is illegal. When an "illegal sentence is challenged during a revocation proceeding held while the defendant is serving the suspended portion of the illegal sentence, the court, upon sentencing in the revocation proceeding, is constrained by the particulars of § 46-18-203(7), MCA." *Seals*, ¶ 15.

¶15 The State correctly notes counsel for Kortan conceded that "the [c]ourt was not required to give him credit" for the challenged 565 days of time served during the September 28, 2020 dispositional hearing. We disagree with the State, however, that this concession operates to preclude appellate review in this case. Kortan's counsel stated, "I think Judge Simonton is technically correct in that, because it was on a deferred, he wasn't technically sentenced. Um, but it still happened." Kortan's counsel then continued to request credit for the time Kortan served in jail. While asserting Kortan has not preserved his objections for appeal, the State concedes Kortan is due credit for an additional 39 days of time served and requests this Court to "remand to the district court to correct the omission of 39 days of jail time credit that was granted in the original judgment." Between

7

Kortan's unequivocal request for more credit for time served, the State's concession Kortan is in fact due credit for more time served (though for different days than he originally requested here), and the District Court's 2020 sentencing upon revocation being "constrained by the particulars of § 46-18-203(7), MCA," *Seals*, ¶ 15, regardless of what occurred at the 2013 sentencing or with the District Court's 2017 denial of Kortan's motion for time served, it is clear Kortan preserved the issue regarding proper credit for time served.

¶16 We turn now to whether the District Court's calculation of credit for time served complied with legal mandates. We hold it did not. When denying Kortan's pro se motion for credit for time served in 2017, the District Court determined Kortan "was not sentenced until February 28, 2013," and, "[s]ince he had not been sentenced in this matter, the approximately one year eight months referred to by the defendant in DC 08-027 and DC 08-04 cannot serve as good time and affect the February 28, 2013[] sentence in this matter." At the September 28, 2020 dispositional hearing, both the State and counsel for Kortan referenced this earlier decision, and counsel for Kortan appeared to acquiesce to its correctness, but maintained Kortan should be given credit for time served anyway because, regardless of the court's order, Kortan's incarceration during the period at issue "still happened." The State continues to contend that when Kortan "was serving time for DC-08-27 and DC-08-04, he was not serving any 'sentence' at all in this case." The State's contention Kortan was not serving a sentence in this case during the time he was incarcerated from December 19, 2008, to July 7, 2010, is incorrect.

¶17     "'Sentence' means the judicial disposition of a criminal proceeding upon a plea of guilty or nolo contendere or upon a verdict or finding of guilty."  Section 46-1-202(25), MCA.  "[T]he imposition of a deferred sentence does constitute a conviction and final judgment."  *State v. Tomaskie*, 2007 MT 103, ¶ 13, 337 Mont. 130, 157 P.3d 691.  While it is true we have, in the past, stated that "[w]ith a deferred imposition of sentence, the sentence is not imposed," *McCaslin*, ¶ 14, we have since clarified our previous misstatements on this point as mere dicta based on cases decided under prior statutory schemes and now recognize that a deferred imposition of sentence is in fact a sentence. *State v. Thibeault*, 2021 MT 162, ¶ 21 n.16, 404 Mont. 476, 490 P.3d 105.

¶18     Here, Kortan was given a deferred sentence on April 8, 2008.  On December 19, 2008, in two unrelated cases, Kortan was sentenced to five years DOC, with two years suspended.  When sentence was imposed in those two cases, the District Court ordered those sentences to run concurrently with the previously-imposed sentence in this case. "Section 46-18-401, MCA, while not artfully drafted, provides that when a judge chooses to exercise his or her discretion to order that sentences for unrelated offenses are to run concurrently, not consecutively, and the person committed is already serving a sentence, the two terms are merged."  *State v. Tracy*, 2005 MT 128, ¶ 27, 327 Mont. 220, 113 P.3d 297 (superseded by statute as recognized in *Barnacascel v. Kirkegard*, No. OP 15-0552, 382 Mont. 409, 363 P.3d 1146 (Nov. 17, 2015)).  Put simply, unrelated sentences merge when a district court orders that one runs concurrently with the other.  *See State v. Youpee*, 2018 MT 102, ¶ 8, 391 Mont. 246, 416 P.3d 1050 (citing *Tracy*, ¶ 27).  Kortan's sentences

9

in Dawson County Cause No. DC-07-047, Dawson County Cause No. DC-08-027, and Prairie County Cause No. DC-08-04 merged and began to run concurrently on December 19, 2008, when he was sentenced on the latter two cases. *See Johnston v. Kirkegard*, No. OP 12-0741, 369 Mont. 540, 310 P.3d 1098 (Feb. 5, 2013).

¶19 Kortan's sentence was thereafter revoked on February 28, 2013, when he was sentenced to an eight-year DOC commitment, with three years suspended. At that time, the District Court, as the State concedes, failed to give Kortan credit for the 39 days of time served it had previously awarded in its 2008 deferred sentence. The court also did not give Kortan credit for the 565 days he had been incarcerated on Dawson County Cause No. DC-08-027 and Prairie County Cause No. DC-08-04 during his merged sentence. After serving the custodial portion of his sentence, Kortan began serving the suspended portion of his sentence, which was revoked on September 28, 2020. Kortan does not contend the District Court erred in any way by revoking his sentence on either occasion, as he admitted to the violations each time, but asserts the court was required to give him credit for time served.[2]

---

[2] In support of his assertion he is entitled to credit for time served, Kortan cites to several cases, including, more than once, to our unpublished opinion in *Ronemus v. State*, No. 00-867, 2001 MT 203N, 2001 Mont. LEXIS 361. "[U]npublished orders and opinions from this Court are not to be cited as precedent." *State v. Oie*, 2007 MT 328, ¶ 16, 340 Mont. 205, 174 P.3d 937. "We plainly and unambiguously state in the first paragraph of every unpublished opinion that such opinions 'shall not be cited as precedent.'" *State v. Ferre*, 2014 MT 96, ¶ 15, 374 Mont. 428, 322 P.3d 1047. Once again, we "admonish counsel not to cite to or rely on such orders and opinions in the future" and reiterate that "when included in briefs, we give no regard to such citations." *Oie*, ¶ 16.

¶20 "[S]entencing upon the revocation of a suspended or deferred sentence is particularly and expressly governed by § 46-18-203, MCA[.]" *Seals*, ¶ 15. Regarding a district court's authority to award credit for time served, the relevant portion of § 46-18-203, MCA, states:

> If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time, consult the records and recollection of the probation and parole officer, and allow all of the elapsed time served without any record or recollection of violations as a credit against the sentence. If the judge determines that elapsed time should not be credited, the judge shall state the reasons for the determination in the order. Credit must be allowed for time served in a detention center or for home arrest time already served.

Section 46-18-203(7)(b), MCA.

¶21 Quite notably, the statute here also refers to the revocation of a "suspended *or deferred* sentence[.]" Section 46-18-203(7)(b), MCA (emphasis added). If, as the State contends, a deferred sentence is not considered a sentence until it is either revoked or the deferral period ends, there would be no need for the language referring to a deferred sentence in this statute because there could never be credit awarded on a deferred sentence. As previously explained, Opinion, ¶ 17, the State's interpretation regarding when a deferred sentence comes into existence is not accurate. The language of the statute at issue here is not discretionary when it comes to the awarding of credit for time served on a revoked suspended or deferred sentence, as it states that "[c]redit *must* be allowed for time served in a detention center or for home arrest time already served." Section 46-18-203(7)(b), MCA (emphasis added). "Both 'shall' and 'must' are mandatory, rather than permissive." *Montco v. Simonich*, 285 Mont. 280, 287, 947 P.2d 1047, 1051 (1997).

11

Because Kortan's deferred sentence in Dawson County Cause No. DC-07-047 merged with his sentences in Dawson County Cause No. DC-08-027 and Prairie County Cause No. DC-08-04 on December 19, 2008, the District Court was required to grant him credit for the time he spent incarcerated between December 19, 2008, and July 7, 2010. Its failure to do so in this case violates statutory mandates and therefore constitutes an illegal sentence. This matter must be remanded for the District Court to enter a corrected judgment imposing a legal sentence which grants Kortan additional credit for time served.

## CONCLUSION

¶22 Because Kortan's three sentences merged on December 19, 2008, Kortan is entitled to 565 days of credit for the time he spent incarcerated between December 19, 2008, and July 7, 2010. The District Court therefore issued an illegal sentence when it failed to give Kortan credit for this time served. In addition, Kortan should have been credited with an additional 39 days of credit for time served which the District Court provided for in its original deferred imposition of sentence.

¶23 Reversed and remanded with instructions to grant Kortan credit for an additional 604 days of time served.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

12