No. 94-002

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

       Plaintiff and Appellant,

v.

ANTHONY DAVID, III,

       Defendant and Respondent.

FILED

SEP 12 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

              Hon. Joseph P. Mazurek, Attorney General; Carol E.
Schmidt, Assistant Attorney General; Helena, Montana

              Jane Mersen, Deputy County Attorney, Bozeman,
Montana

       For Respondent:

              Brian K. Gallik, and Robert K. Baldwin, Goetz,
Madden & Dunn, P.C., Bozeman, Montana

                    Submitted on Briefs:  August 11, 1994

                              **Decided:**  September 12, 1994

Filed:

_____
               Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The State of Montana appeals from a ruling of the Eighteenth Judicial District Court, Gallatin County, denying its motion for leave to file an information charging the defendant with felony stalking pursuant to § 45-5-220, MCA. We affirm.

The sole issue is whether the District Court abused its discretion when it denied the State leave to file an information charging defendant with felony stalking.

On November 24, 1993, the Gallatin County Attorney's office filed a motion for leave to file an information charging Anthony David, III, with felony stalking in violation of § 45-5-220, MCA. The motion was accompanied by an affidavit of probable cause.

The affidavit set forth the alleged facts as follows. On November 5, 1993, David assaulted Cindy Tadday (Tadday). David left the Tadday residence in Tadday's car. Tadday immediately applied for a temporary restraining order (TRO). The District Court issued a TRO, and it was served on David that day.

On November 6, 1993, David telephoned Tadday. He left a message on Tadday's answering machine that he intended to obey the restraining order and that he was "not going to cause a single problem." David also called Tadday's mother on November 6, claiming he planned to make life "hell" for her daughter. Later that day he again telephoned Tadday's mother and apologized for the earlier call.

Tadday left town on November 6 to avoid contact with David. She stayed with friends and did not go to school or work. Tadday returned home on November 17, 1993, and David repeatedly telephoned her that afternoon. Tadday was able to record portions of two of these calls. In one call, David stated:

> Please don't call the cops, my life's pretty short, my life span is about as long as yours. I'm bringing witnesses to prove that you beat me up. If you have called the cops, I'm fucked. But, I'm not at my house so I have witnesses that say that I didn't [call]. Please help me get over this. For me to get over this, this is so humiliating, my life is over when your life is. Ah, you know what I'm saying?

David telephoned Tadday between twelve and sixteen times that afternoon.

Tadday told the Bozeman, Montana, police department that she believed David was "crazy." Tadday stated that she feared him when he was drinking and that she was "scared to death" of him. Tadday also feared that David would attempt to injure her dog.

The State moved the District Court for leave to file an information on November 24, 1993. The court denied the motion on November 29, 1993. The court ruled that probable cause was not established. The court determined that the affidavit did not show threats or intimidation. The court found that while some of the telephone calls "possibly could have been considered harassing," they were insufficient to create probable cause that David committed felony stalking. The court also noted that the State had other available means by which to charge David, such as breach of the restraining order.

3

## Issue

Did the District Court abuse its discretion when it denied the State's motion for leave to file an information charging defendant with felony stalking pursuant to § 45-5-220, MCA?

Leave to file an information shall be granted when probable cause exists that an offense has been committed by an identified suspect. Section 46-11-201, MCA. The probable cause determination is left to the sound discretion of the district court. A determination of probable cause will not be reversed absent an abuse of discretion. State v. Buckingham (1989), 240 Mont. 252, 256, 783 P.2d 1331, 1334. District court judges should use their common sense when reviewing affidavits of probable cause. State v. Thompson (1990), 243 Mont. 28, 30, 792 P.2d 1103, 1105. In reviewing such cases, this Court has noted that "the reviewing court must give special deference to judicial probable cause determinations." State v. Riley (1982), 199 Mont. 413, 423, 649 P.2d 1273, 1278.

In 1993 the Montana Legislature enacted legislation making certain "stalking" activities illegal. Codified as § 45-5-220, MCA, the statute provides, in relevant part:

> (1) A person commits the offense of stalking if the person purposely or knowingly causes another person substantial emotional distress or reasonable apprehension of bodily injury or death by repeatedly:
> (a) following the stalked person; or
> (b) harassing, threatening, or intimidating the stalked person, in person or by phone, by mail, or by other action, device, or method.

4

Stalking is a felony if it is a second or subsequent offense, or if the defendant was under a judicial restraining order at the time of the alleged conduct. Section 45-5-220(3), MCA.

The affidavit fails to show that David followed Tadday. The affidavit likewise does not show that David threatened or intimidated Tadday. While the affidavit may indicate that David's conduct might have been harassment, it was within the District Court's discretion to determine that the affidavit was insufficient to show probable cause that David stalked Tadday.

The affidavit also presents no showing that David's alleged stalking activities were the cause of Tadday's emotional distress or apprehension. The affidavit does not state that Tadday feared David because of the telephone calls; rather, the affidavit seems to indicate just the opposite. Based on the affidavit, the District Court could reasonably assume that Tadday's apprehension of David was a product of their pre-existing strained relationship. The affidavit states:

> Tadday is afraid of the defendant when he is drinking. Tadday has quit going to school and quit going to work so the defendant cannot find her. Tadday told [detective] Welsand she was "scared to death." . . . The defendant has told Tadday in the past that he would pour gasoline on her dog and light the dog on fire. [Emphasis added.]

It was within the court's discretion to believe that Tadday's apprehension was not caused by David's telephone calls on November 6 and 17, but rather from her previous relationship with him.

This Court has consistently deferred to the reviewing judge in matters of probable cause determinations. In State ex rel. Juhl v.

District Court (1938), 107 Mont. 309, 312-13, 84 P.2d 979, 981, we stated:

> Obtaining leave to file an information without a previous examination of the accused before a committing magistrate is not a mere perfunctory matter which should be granted as a matter of course, but rests in the sound discretion of the district judge, upon the showing made to him. . . . An abuse of discretion materially prejudicing a substantial right of the accused would be grounds for reversal . . . the appellate court cannot presume that the trial court exceeded its authority or abused its discretion. [Citation omitted.]

Based on the affidavit, we conclude that the District Court did not abuse its discretion in denying the State's motion for leave to file an information charging David with felony stalking.

We find no merit in the State's contention that the District Court's suggestion of alternative charges against David violated the separation of powers doctrine. Art. III, Sec.1, Mont. Const. The judge's closing remarks, "I think there is an adequate remedy in this matter by breach of the restraining order or by breach of the Justice Court order at the time of arraignment in another case," did not constitute a violation of the separation of powers doctrine. Such conduct did not infringe on the State's prosecutorial discretion. The District Court's denial of the State's motion was based upon a lack of probable cause and any statement concerning alternative options available to the State should not be construed as an attempt to dictate what charges the State may bring.

6

Since we uphold the District Court's decision, we need not address respondent's argument concerning the constitutionality of § 45-5-220, MCA. We affirm the decision of the District Court.

_____
Chief Justice

We concur:

_____
_____
_____
_____
_____
_____
Justices

7