No. OP 08-0181

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 174

FILED

MAY 1 4 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

| | |
|---|---|
| CITY OF BILLINGS, ex rel.<br>CHRISTINA E. FRIEDT,<br><br>    Relator,<br><br>v.<br><br>BILLINGS MUNICIPAL COURT,<br>    The Honorable Mary Jane Knisely, Presiding,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)  OPINION AND ORDER<br>)<br>)<br>)<br>)<br>)<br>) |

¶1     On April 9, 2008, counsel for relator Christina E. Friedt filed an Application for Writ of Supervisory Control and To Stay Lower Court Proceedings. She alleged that the Billings Municipal Court had made a mistake of law causing a gross injustice in ordering Friedt's guilty pleas and sentence withdrawn, and that allowing the Municipal Court proceedings to continue would be fundamentally unfair and prejudicial. On April 16, we stayed the Municipal Court proceedings pending further order from this Court. We also ordered the Office of the Billings City Attorney, and permitted the Judge of the Billings Municipal Court, to file a summary response pursuant to M. R. App. P. 14(7)(b). Deputy City Attorney Curtis L. Bevolden timely filed a summary response on April 29.

¶2     The relevant facts are undisputed. In December of 2007, Friedt was cited for the offenses of a stop sign violation, failing to carry proof of or exhibit insurance in vehicle (the "no insurance" charge) and failing to have her driver's license in her immediate possession.

At her arraignment in Municipal Court on January 17, 2008, Friedt responded "no" when asked if she wished to consult an attorney, pled guilty to the stop sign violation and pled not guilty to the "no insurance" charge. The Municipal Court sentenced Friedt by imposing a fine of $50 plus a surcharge on the stop sign charge, dismissed the driver's license charge with a warning and set an omnibus hearing on the "no insurance" charge.

¶3 On February 12, 2008, Friedt appeared at the omnibus hearing and pled guilty to the "no insurance" charge. The Municipal Court sentenced her to six months in jail, all suspended on the condition that she pay a $500 fine plus surcharge. The court allowed Friedt to perform community service in lieu of the fine.

¶4 On February 28, 2008, the Municipal Court, acting *sua sponte*, entered an order withdrawing Friedt's guilty pleas to the stop sign violation and the "no insurance" charge. The court noted that, on February 15, it had received an e-mail from Bevolden and, on February 20, had received a packet of correspondence from Moira Murphy D'Alton, the owner of a fence allegedly damaged during the events leading to Friedt's citations. The subject of both Bevolden's *ex parte* e-mail and D'Alton's correspondence packet was D'Alton's request for restitution for the damaged fence. The correspondence packet indicated D'Alton first communicated her request to Bevolden on December 31, 2007, and had written letters to the Billings Police Department, Bevolden and the Municipal Court from December of 2007 through February of 2008. Observing the address on D'Alton's letters to the Municipal Court was incorrect, the court determined after consulting with court employees that the court had not received D'Alton's previous letters, and restitution had not

2

been requested by the prosecutor.

¶5 The Municipal Court noted it did not have any factual information regarding a potential restitution claim when Friedt entered her guilty pleas at the arraignment and omnibus hearing, and reasoned that § 46-18-201(5), MCA, requires a court to impose restitution if a victim has sustained a pecuniary loss. The court concluded that, because no mutual discovery regarding the restitution claim had been afforded to Friedt before either of her guilty pleas, the court "[could not] find that the Defendant entered into a constitutionally sound, intelligent, knowing, voluntary plea of Guilty." The court further reasoned that Friedt was not afforded her right to counsel at her arraignment on the "no insurance" charge. The Municipal Court ordered that Friedt's guilty pleas be withdrawn, appointed defense counsel, and set an omnibus hearing, which apparently occurred on April 8, 2008.

¶6 Friedt applied to this Court for a writ of supervisory control on April 9, 2008, and filed her affidavit in support. Friedt maintains she knowingly, intelligently and voluntarily pled guilty to the two offenses. She also points to her written and signed waivers of rights stating she was advised that the court would appoint counsel for her if she could not afford an attorney, and that she "knowingly, voluntarily and intelligently waive[d] [her] right to be represented by an attorney." Friedt further asserts the Municipal Court's jurisdiction ended when it sentenced her. In this regard, she relies primarily on *State ex rel. Torres v. District Court*, 265 Mont. 445, 450, 877 P.2d 1008, 1011 (1994) which states, among other things, that "once a valid sentence has been pronounced, the court loses jurisdiction to vacate or modify the sentence, except as otherwise provided by statute." *See also State v. Hirt*, 2005

3

MT 285, ¶ 19, 329 Mont. 267, ¶ 19, 124 P.3d 147, ¶ 19; *State v. Evert*, 2004 MT 178, ¶ 14, 322 Mont. 105, ¶ 14, 93 P.3d 1254, ¶ 14. Friedt argues that the Municipal Court is proceeding under a mistake of law, which would result in a gross injustice and unnecessary expenditures of time and resources if she were required to stand trial on charges to which she has pled guilty and on which she has been sentenced. She further asserts it would be fundamentally unfair and prejudicial to force her to face further proceedings if the Municipal Court lacks jurisdiction. Friedt asks this Court to exercise its supervisory control jurisdiction and remand with instructions to vacate the February 28, 2008, order.

¶7 In his summary response, Bevolden asserts that, because he was distracted at the February 12 omnibus hearing by "activity" including negotiations with several defendants and simultaneous proceedings in two courtrooms, he failed to raise any issue regarding restitution before Friedt was sentenced. He argues, however, that the Municipal Court had jurisdiction after imposing sentence under § 46-16-702, MCA, which provides in part that, following a verdict or finding of guilty, a court may grant a defendant a new trial without a motion if required in the interest of justice. He maintains the "interest of justice" to the victim and the mandatory restitution provision in § 46-18-201(5), MCA, required the Municipal Court to remedy the situation *sua sponte*.

¶8 Bevolden's reliance on the provision for granting a new trial in § 46-16-702, MCA, is misplaced. "The granting of a new trial places the parties in the same position as if there had been no trial." Section 46-16-701, MCA. Here, no trial occurred. Moreover, the clear intent of the § 46-16-702, MCA, language is to grant a *defendant* a new trial if the interests of

4

justice would be served. Nothing in the statute authorizes a new proceeding to benefit an alleged victim or a prosecutor who failed to timely raise a sentencing matter. We conclude § 46-16-702, MCA, has no application here.

¶9 We observe that § 46-16-105(2), MCA, provides that "[a]t any time before judgment or, except when a claim of innocence is supported by evidence of a fundamental miscarriage of justice, within 1 year after judgment becomes final, the court may, for good cause shown, permit the plea of guilty or nolo contendere to be withdrawn and a plea of not guilty substituted." Nothing in the plain language of § 46-16-105(2), MCA, authorizes a court, in essence, to forcibly withdraw a defendant's plea *sua sponte* under any circumstance.

¶10 Nor can we agree with the Municipal Court's possible reliance on §§ 46-12-210(1)(a)(iv) and (1)(b), MCA, which provide, respectively, that a court must determine before accepting a plea of guilty or nolo contendere that the defendant understands the possibility of restitution "when applicable," and the right to counsel. The Municipal Court apparently interpreted § 46-12-210(1)(a)(iv), MCA, as rendering a plea invalid if the court has failed to advise the defendant of potential restitution claims that the prosecution has failed to timely and properly assert—an interpretation we reject. Regarding advice of the right to counsel under § 46-12-210(1)(b), MCA, the audio record confirms that the Municipal Court failed to advise Friedt orally that she had the right to appointed counsel if she could not afford an attorney—instead asking only if Friedt wished to speak with an attorney at her January 17 arraignment and saying nothing regarding counsel at the February 12 hearing. As provided in § 46-12-210(2), MCA, however, the requirements for ascertaining a defendant's

5

understanding of the matters set forth in § 46-12-210(1), MCA, "may be accomplished by the defendant filing a written acknowledgment of the information[.]" Here, Friedt executed a written waiver of rights, including her right to appointed counsel, with respect to each of her guilty pleas. Moreover, Friedt maintains her guilty pleas were knowing, voluntary and intelligent. We conclude, based on the undisputed facts, that the Municipal Court erred in determining otherwise.

¶11 Supervisory control is an extraordinary remedy and is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when one or more of the following circumstances exist: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3). Applying these standards, we conclude the Municipal Court's *sua sponte* order withdrawing Friedt's guilty pleas—contrary to the undisputed facts of record and Friedt's characterization of her pleas—constitutes a mistake of law causing a gross injustice. Moreover, we conclude these unique facts render the normal appeal process inadequate.

¶12 We observe that this case does not present an issue of whether the sentence here may be illegal. Likewise, it does not involve any remedies available to a prosecutor in the event an illegal sentence is imposed.

¶13 IT IS ORDERED that Friedt's application for a writ of supervisory control is GRANTED.

¶14   IT IS FURTHER ORDERED that this case is remanded to the Municipal Court with instructions to vacate the February 28, 2008, order withdrawing Friedt's guilty pleas.

¶15   The Clerk is directed to mail copies of this order to all counsel of record, to the Clerk of the Billings Municipal Court, and to the presiding judge.

DATED this 13TH day of May, 2008.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

7

Justice James C. Nelson concurs.

¶16    I concur with all that is said in the Court's Opinion and Order except that in ¶ 12. In my view, there was nothing illegal in the trial court's sentence prior to the court sua sponte withdrawing Friedt's guilty pleas, appointing defense counsel—which she had not requested—and setting an omnibus hearing. I was shocked at the prosecutor's and court's handling of this matter. While the Billings Municipal Court may be very busy, the "activity" of the omnibus hearings, as the prosecutor describes it, is hardly the fault—or the problem—of defendants appearing before the court. If the prosecutor makes mistakes because of being distracted by negotiations or because he was in another courtroom, then the consequences of his error—or the system's failure—should not fall on the defendant. Friedt came to court as ordered; she entered a lawful plea after being advised of her rights; she was legally sentenced. She should not, again, be required to repeat this process to undo alleged mistakes made by the State in the first go-around. If the victim is owed damages, then she has civil remedies against Friedt. With that caveat, I concur.

Justice

8

Opinion & Order mailed to following on 5/14/08:

☐ Attorney o/b/o
Friedt, Christina E.: Petitioner

Jeanne Miller Walker
Attorney at Law
208 N. 29th Street, Suite 223
Billings MT 59101

☐ Attorney o/b/o
Billings Municipal Court, Thirteenth Judicial District:
Respondent

Curtis L. Bevolden
Attorney at Law
P.O. Box 1178
Billings MT 59103

☐ Other:

Hon. Mary Jane Knisely
220 N. 27th St.
Billings MT 59101

☐ Other:

Thirteenth Judicial District Billings Municipal Court
P.O. Box 1178
Billings MT 59101