FILED

04/29/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0748

DA 23-0748

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 83

STATE OF MONTANA,

      Plaintiff and Appellant,

  v.

JONATHAN PARTAIN,

      Defendant and Appellee.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-22-711
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant Attorney General, Helena, Montana

            Matthew Jennings, Missoula County Attorney, Mark M. Handelman, Deputy County Attorney, Missoula, Montana

      For Appellee:

            Kathleen Foley, Attorney at Law, Missoula, Montana

Submitted on Briefs:  January 30, 2025

Decided:  April 29, 2025

Filed:

_____
Clerk

Chief Justice Cory J. Swanson delivered the Opinion of the Court.

¶1      The State of Montana appeals from the January 9, 2024 Amended Judgment of the Fourth Judicial District Court.  Sua sponte at sentencing, the District Court dismissed the charge of Sexual Abuse of Children, to which Partain had already pleaded guilty and which the court had already accepted.  The court then reinstated and found Partain guilty of the previously dismissed charge of Surreptitious Visual Observation or Recordation in a Residence.  We reverse and remand for resentencing.

¶2      We restate the issue on appeal as follows:

*Whether the District Court lawfully sentenced Partain after it sua sponte revoked his guilty plea, reinstated a dismissed charge without a prosecutor's motion, and found him guilty without a new guilty plea.*

### FACTUAL AND PROCEDURAL BACKGROUND

¶3      On July 26, 2022, Partain left his cell phone in his 15-year-old daughter's room.[1] When she went to change her clothes, Partain remotely triggered his phone to begin video recording her.  She noticed the phone was recording her with her clothes partially or fully removed, showed the video to her mom, deleted it, and confronted Partain.  Partain admitted to his conduct.

¶4      On November 22, 2022, the State charged Partain with Sexual Abuse of Children, Victim Under Age of 16, in violation of § 45-5-625(1)(b), and (2)(b), MCA, and Surreptitious Visual Observation or Recordation in a Residence, in violation of

---

[1] Because Partain pleaded guilty, we state the facts as charged in the State's Information and as admitted to at Partain's change of plea hearing.

§ 45-5-223(1)(b), MCA. Because the victim was under age 16, the State sought an enhanced minimum sentence of at least four years pursuant to § 45-5-625(2)(b), MCA.

¶5 Partain pleaded guilty to one count of Sexual Abuse of Children. In exchange, the State agreed to dismiss Count II, Surreptitious Visual Observation or Recordation in a Residence, and to amend Count I to "victim under 18" so Partain faced no mandatory minimum sentence. The parties agreed to recommend a 10-year sentence to the Department of Corrections, all suspended. Under the plea agreement, Partain acknowledged he "underst[ood] all potential lesser included offenses and waive[d] any right to be found guilty of a lesser included offense."

¶6 At the change of plea hearing on August 15, 2023, Partain admitted he propped up a phone in his daughter's room and started recording when she went to change her clothes "with the purpose to arouse or gratify [his] own sexual response or desire." The court found Partain made a knowing, voluntary, and intelligent admission. It accepted Partain's guilty plea, dismissed "Count II without prejudice, pending sentencing," and ordered a presentence investigation report (PSI).

¶7 Before sentencing on October 30, 2023, the District Court reviewed the PSI, a psychosexual evaluation of Partain, and numerous letters sent by friends and family of Partain, including from his daughter. The court began the sentencing hearing with a long statement that it "should've put a stop to this [case at the change of plea hearing]. I should not have let this case go to the extent it has. I think it was overcharged. I think that this crime here is, at best, the count that was dismissed, which is surreptitious recording." The court discussed that it had not read the psychosexual evaluation before it accepted Partain's

3

guilty plea, which included a recommendation that Partain could receive effective treatment in the community as an alternative to the mandatory minimum sentence. Finally, the court discussed the many letters that came in support of Partain, including from his wife and daughter. The court thus concluded:

> This was, again, a bad, stupid, foolish thing that Mr. Partain did, but he was -- this family had everything under control, and I don't know why it even got charged. I really don't. And so -- because if you've read all these letters like I have, you see that what we've done is caused more harm to this family by bringing these charges. And I want to put a stop to it.
> So at this point in time, I do definitely reject the plea bargain. I -- I'm gonna take it upon myself to reduce the charge to . . . surreptitious visual observation based on all the evidence before me . . . .

The State interrupted at this point to request the court hear an updated victim impact statement. After hearing the updated statement, the court said it would issue a two-year deferred sentence for the surreptitious recording charge. The court concluded it "do[es] have the authority under the law to reduce the charge, and that's what I'm doing. . . . Mr. Partain, I find you guilty of surreptitious recordation, a misdemeanor." The court deferred imposition of sentence for two years and placed him under misdemeanor probation with supervision conditions. In its written judgment, the court cited § 46-16-702(3)(c), MCA, as its authority "to modify or change the finding to a lesser included offense."

¶8 Two days after the court filed its written judgment, the State filed a Petition for Writ of Supervisory Control with this Court, arguing it had no remedy of appeal. We denied the petition, holding "the State has a right to appeal the final judgment under § 46-20-103(2)(h), MCA, which provides that the State may appeal from any court order

4

or judgment if the substantive effect results in imposing a sentence that is contrary to law." *State v. Fourth Jud. Dist.*, No. OP 23-0685, Order (Mont. Dec. 27, 2023).

¶9 The day after we issued the denial, the State petitioned this Court for an out-of-time appeal. We granted the State an out-of-time appeal, holding "it would be unjust for this Court, having denied the State's petition for writ on the basis that the [S]tate had a right to appeal, to deny the State the right to appeal." *State v. Partain*, No. DA 23-0748, Order (Mont. Jan. 9, 2024).

¶10 The same day we granted the State an out-of-time appeal, the District Court issued an Amended Judgment.[2] The court proposed it had "authority under MCA §46-13-401 to *sua sponte* dismiss a charge in the furtherance of justice, and . . . authority under MCA §46-16-702(3)(c) [to] modify or change the finding to a lesser included offense, based upon the evidence in the charging documents, the pre-sentence report, the psychosexual evaluation, the victim impact statements, and in the interest of justice."

¶11 The State appeals the District Court's sua sponte dismissal of the Sexual Abuse of Children charge and the court's reinstatement, conviction, and sentence on the Surreptitious Visual Observation or Recordation charge. Pursuant to § 46-20-103(2)(h), MCA, the State may appeal from a court judgment which results in an imposition of sentence contrary to law.

---

[2] Neither party contested the District Court's jurisdiction to issue an Amended Judgment contemporaneously with our grant of the State's appeal.

5

**STANDARD OF REVIEW**

¶12　The parties disagree on our standard of review in this case. Without citation to authority, Partain suggests our standard of review should be limited to whether the District Court abused its discretion by reducing or dismissing a felony charge and deferring imposition of sentence on a misdemeanor charge that had been dismissed. *E.g.*, *State v. Pinkerton*, 270 Mont. 287, 290, 891 P.2d 532, 535 (1995). The State argues our review should be de novo as to whether the sentence imposed by the court was legal. *See City of Whitefish v. Curran*, 2023 MT 118, ¶ 8, 412 Mont. 499, 531 P.3d 547. We agree.

¶13　We determined in 1999 that we will review sentences only for legality with narrow exceptions not applicable here. *State v. Hafner*, 2010 MT 233, ¶ 13, 358 Mont. 137, 243 P.3d 435 (citing *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, 983 P.2d 937). This holds especially true here, where the State is appealing a criminal sentence, which is allowed only in narrow circumstances. Section 46-20-103(1), (2)(h), MCA ("(1) Except as otherwise specifically authorized, the state may *not* appeal in a criminal case. (2) The state *may* appeal from any court order or judgment the substantive effect of which results in: . . . (h) imposing a sentence that is *contrary to law*." (emphasis added)). The State does not have statutory authority to appeal a sentence it merely disagrees with or finds objectionable under subsection (2). Instead, under subsection (2)(h) at issue here, it only has authority to appeal a sentence which is contrary to law. Whether a sentence is contrary to law (i.e., legal) is a question of law, which is reviewed de novo to determine whether the court's interpretation of the law is correct. *Curran*, ¶ 8; *see also State v. Rambold*, 2014 MT 116, ¶¶ 10, 12, 375 Mont. 30, 325 P.3d 686; *State v. Brummer*, 1998 MT 11,

¶ 31, 287 Mont. 168, 953 P.2d 250; *State v. Morse*, 2015 MT 51, ¶ 18, 378 Mont. 249, 343 P.3d 1196. We also review a district court's interpretation of the law de novo. *State v. Webb*, 2005 MT 5, ¶¶ 8–9, 325 Mont. 317, 106 P.3d 521.

**DISCUSSION**

¶14 *Whether the District Court lawfully sentenced Partain after it sua sponte revoked his guilty plea, reinstated a dismissed charge without a prosecutor's motion, and found him guilty without a new guilty plea.*

¶15 The State argues Partain's sentence was illegal because the District Court had no statutory authority to sua sponte dismiss a charge to which Partain had pleaded guilty and the court had accepted, and to find Partain guilty of a charge the court had already dismissed. The State argues this was illegal under either of the District Court's offered methods to accomplish its sentence: either by reducing a felony to a misdemeanor that is not a lesser included offense, or by reimposing an already dismissed charge.

¶16 Imposing a sentence not authorized by statute is illegal. *State v. Souther*, 2022 MT 203, ¶ 12, 410 Mont. 330, 519 P.3d 1. "'The sentencing authority of a court exists solely by virtue of a statutory grant of power and therefore cannot be exercised in any manner not specifically authorized.'" *Souther*, ¶ 12 (quoting *State v. Lenihan*, 184 Mont. 338, 342, 602 P.2d 997, 1000 (1979)).

¶17 We address the legality of the sentence by examining each component of the District Court's action: (a) the District Court's authority to dismiss or reduce a charge after a guilty plea; (b) the District Court's finding that Surreptitious Visual Observation or Recordation was a lesser included offense of Sexual Abuse of Children; and (c) the District Court's authority to reinstate a dismissed charge.

7

**(a) The District Court's authority to dismiss or reduce a charge after a guilty plea.**

¶18    The District Court relied in its Amended Judgment upon § 46-16-702(3)(c), MCA, as authority to dismiss or amend the charge to which Partain had pleaded guilty. That statute states:

> (1) Following a verdict or finding of guilty, the court may grant the defendant a new trial if required in the interest of justice. A new trial may be ordered by the court without a motion or may be granted after motion and hearing.
>
> .   .   .
>
> (3) On hearing the motion for a new trial, if justified by law and the weight of the evidence, the court may:
> (a) deny the motion;
> (b) grant a new trial; or
> (c) modify or change the verdict or finding by finding the defendant guilty of a lesser included offense or finding the defendant not guilty.

Prior to the enactment of the second sentence of subsection (1), we held in *Brummer*, ¶ 46, that "absent a lawful enactment by the Montana Legislature withholding the trial court's inherent power to grant a new trial *sua sponte*, the court's power stands." In response, the Legislature added the second sentence to subsection (1), clarifying that our holding in *Brummer* was correct. 1999 Mont. Laws ch. 301; *see also Morse*, ¶ 26.

¶19    The State objects to the District Court's reliance upon this law for its actions, arguing correctly that the Defendant had pleaded guilty and there was no trial. When we previously addressed a judge's sua sponte reversal of a defendant's guilty plea by invoking this statute, we held his "reliance on the provision for granting a new trial in § 46-16-702, MCA, is misplaced. . . . Here, no trial occurred." *City of Billings ex rel. Friedt v. Billings Mun. Ct.*, 2008 MT 174, ¶ 8, 343 Mont. 386, 184 P.3d 1032.

8

¶20 The provisions of § 46-16-702, MCA, expressly apply to a court's authority following a trial, not a guilty plea. The logic behind this statute is likely that the court has seen all the relevant and admissible evidence, either through a jury trial or a bench trial, and is in the best position to weigh the overall interests of justice toward the defendant. In contrast, a guilty plea is a bargain between the Defendant and the State, in which they agree on a resolution after their review of the evidence and weighing of risk. The court is not as informed of all the evidence and is more reliant upon the parties for their estimation of the best outcome. Since Partain was not convicted at a trial, but pleaded guilty, this statute is inapplicable to his case.

¶21 The District Court modified its reasoning when it entered an Amended Judgment and added the legal authority of § 46-13-401(1), MCA, to justify its orders: "The court may, either on its own motion or upon the application of the prosecuting attorney and in furtherance of justice, order a complaint, information, or indictment to be dismissed." This statute vests the District Court with significant authority to prevent a miscarriage of justice. *See State v. Schwictenberg*, 237 Mont. 213, 217, 772 P.2d 853, 856 (1989) (balancing the constitutional rights of the defendant with the interests of society). The District Court relied on this statute to dismiss Partain's guilty plea on Sexual Abuse of Children. But the plain language of the statute does not vest the court with authority to amend a charge or reinstate a previously dismissed charge.

¶22 Another possible statute allowing the District Court to withdraw Partain's guilty plea is § 46-16-105(2), MCA. A court may, "for good cause shown, permit the plea of guilty or nolo contendere to be withdrawn and a plea of not guilty substituted." This statute

9

applies after the guilty plea but before sentencing, or within one year after the judgment has become final, subject to limitations. It allows the court to address a circumstance when it initially accepted the parties' bargain but later receives information which prompts it to allow the defendant's withdrawal of a guilty plea. "Good cause" to allow a plea withdrawal includes involuntariness of the guilty plea, inadequate colloquy demonstrating a knowing and intelligent plea, ineffective assistance of counsel, discovery of new evidence, and other factors. *See, e.g.*, *State v. Wise*, 2009 MT 32, ¶ 15, 349 Mont. 187, 203 P.3d 741; *State v. Terronez*, 2017 MT 296, ¶ 27, 389 Mont. 421, 406 P.3d 947; *State v. Warclub*, 2005 MT 149, ¶ 18, 327 Mont. 352, 114 P.3d 254 (citing *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970)).

¶23 But this statute does not authorize the District Court's dismissal of the guilty plea. Partain never actually asked to withdraw his plea, which is what the statute contemplates; the District Court simply ordered a withdrawal. "Nothing in the plain language of § 46-16-105(2), MCA, authorizes a court, in essence, to forcibly withdraw a defendant's plea *sua sponte* under any circumstance." *Friedt*, ¶ 9. The District Court did not state it was relying upon this statute for its actions. And even if it had, that would only get the court halfway to its destination; the statute does not permit a finding of guilt to a new or amended charge without a Defendant's subsequent plea.

¶24 Partain argues the District Court was within its authority to reject his plea bargain. This is correct. The parties entered the plea agreement pursuant to § 46-12-211(1)(b), MCA, in which the prosecutor agreed that the specific recommended sentence was "the

appropriate disposition of the case." A court may accept or reject a plea agreement made pursuant to subsection (1)(b). Section 46-12-211(2), MCA. But:

> If the court rejects a [(1)(b)] plea agreement . . . , the court shall, on the record, inform the parties of this fact and advise the defendant that the court is not bound by the plea agreement, afford the defendant an opportunity to withdraw the plea, and advise the defendant . . . the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Section 46-12-211(4), MCA.

¶25 The State concedes the District Court had authority to impose a lesser sentence than the parties had negotiated but argues it did not have authority to amend a felony charge to a misdemeanor. We agree. The District Court could have sentenced Partain to a lesser sentence than contemplated in the plea agreement, within its statutory authority. But the court's rejection of the plea agreement does not give it authority to remake the entire plea deal and charging decisions. Instead, an agreement reached pursuant to subsection (1)(b) that is rejected affords the defendant an opportunity to withdraw his or her plea. This returns the parties to the situation before they reached their plea agreement. *See State v. Munoz*, 2001 MT 85, ¶ 18, 305 Mont. 139, 23 P.3d 922. Here, that would mean Partain would go to trial on his Sexual Abuse of Children and Surreptitious Observation or Recordation charges (or presumably enter into a new plea agreement with the State).

**(b) The District Court's finding that Surreptitious Visual Observation or Recordation was a lesser included offense of Sexual Abuse of Children.**

¶26 After this thorough search, the only statute which purports to give the District Court authority to amend a charge is the original one upon which it relied: § 46-16-702, MCA. In addition to our holding that it applies to post-trial and not post-guilty plea situations, we

also conclude it is inapplicable here because Surreptitious Visual Observation or Recordation is not a lesser-included offense of Sexual Abuse of Children.

¶27 A lesser-included offense includes an offense that "'is established by proof of the same or less than all the facts required to establish the commission of the offense charged.'" *State v. Brown*, 2022 MT 176, ¶ 8, 410 Mont. 38, 517 P.3d 177 (quoting § 46-1-202(9)(a), MCA). Partain argues "[w]hether or not Surreptitious Observation or Recordation is deemed to be a lesser included offense of [Sexual Abuse of Children], Mr. Partain admitted to the elements of the misdemeanor when he pled guilty to the felony." However, the term "facts" in § 46-1-202(9)(a), MCA, refers to the statutory elements of the offenses, not the individual facts of the case. *Brown*, ¶ 9. Thus, a lesser-included offense is one that is established by proof of the same or less than all the elements required to establish the commission of the offense charged. *Brown*, ¶ 9.

¶28 We addressed a similar issue in *Brown*, when we held that Privacy in Communications under § 45-8-213(1)(a), MCA, was not a lesser-included offense of Sexual Abuse of Children. *Brown*, ¶¶ 13–15. Here, Surreptitious Visual Observation or Recordation pursuant to § 45-5-223(1)(b), MCA, requires proof that a person:

(1) purposely or knowingly

(2) hides, waits, or otherwise loiters

(3) by means of a remote electronic device

(4) within a private dwelling house

(5) for the purpose of surreptitiously observing or recording the visual image of any occupant in the residence without the occupant's knowledge.

¶29    As charged here, Sexual Abuse of Children, pursuant to § 45-5-625(1)(b), MCA, requires proof that a person:

(1) knowingly

(2) photographs, films, or videotapes

(3) a child engaging in sexual conduct, actual or simulated.

The statute defines "sexual conduct" to include the depiction of a child in a state of partial undress with the purpose to arouse or gratify the person's own sexual response or desire. Section 45-5-625(5)(b)(ii), MCA.

¶30    Comparing the offenses, each requires at least one element of proof the other does not. For example, Surreptitious Visual Observation or Recordation requires someone to "hide, wait, or otherwise loiter." There is no such requirement to be convicted of Sexual Abuse of Children. On the other hand, Sexual Abuse of Children (as charged here) requires a child engaging in sexual conduct. Surreptitious Visual Observation or Recordation merely requires an occupant, which could be a child or an adult, and says nothing about sexual conduct. Surreptitious Visual Observation or Recordation is not a lesser-included offense of Sexual Abuse of Children as the crimes were charged here. It does not matter that the conduct Partain admitted to in his plea colloquy supports guilt for both offenses: "Even when a defendant's conduct could meet the elements of more than one crime, he is not entitled to an instruction on an offense the State did not charge unless it is a lesser-included offense." *Brown*, ¶ 15. Similarly, even when Partain's conduct supported guilt

for both offenses, the District Court did not have authority to sentence[3] him to Surreptitious Observation or Recordation unless it was a lesser-included offense.

**(c) The District Court's authority to reinstate a dismissed charge.**

¶31 Without authority to amend the charge, as discussed above, the only way for the District Court to do what it did would be to become prosecutor, jury, and judge by assuming the powers of the state prosecutor in charging Partain with a crime; the jury in convicting him of said crime; and the judge in sentencing. This it may not do. "No person or persons charged with the exercise of power properly belonging to one branch shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or permitted." Mont. Const. art. III, § 1.

¶32 We begin by acknowledging the State had already moved for, and the District Court had granted, dismissal of the Surreptitious Visual Recordation or Observation charge. The fact it was "without prejudice" does not grant the court authority to unilaterally re-charge it. Instead, a criminal prosecution may only be commenced by (1) a complaint; (2) an information following a preliminary examination or waiver of a preliminary examination; (3) an information after leave of court has been granted; or (4) an indictment upon a finding by a grand jury. Section 46-11-101, MCA; Mont. Const. art. II, § 20. Importantly, a

---

[3] Partain argues, without citation to authority, that because the District Court imposed a deferred sentence, it did not actually sentence him. Thus, by extension, Partain argues the District Court could not impose an illegal sentence. Although the term "deferred sentence" can be understood that way, we have recognized "a deferred imposition of sentence is in fact a sentence." *State v. Kortan*, 2022 MT 204, ¶ 17, 410 Mont. 336, 518 P.3d 1283 (citing *State v. Thibeault*, 2021 MT 162, ¶ 21 n.16, 404 Mont. 476, 490 P.3d 105); *see also* § 46-1-202(26), MCA (defining sentence to include a "judicial disposition of a criminal proceeding"). The District Court's judgment, imposing a deferred sentence, was certainly a judicial disposition of his case which the State argues was contrary to law. Section 46-20-103(2)(h), MCA.

*prosecutor*, not a *judge* applies to the district court for permission to file an information. Section 46-11-201(1), MCA. Only upon probable cause to believe a crime has been committed may the judge approve the prosecutor's application. Section 46-11-201(2), MCA. Here, by effectively re-charging Partain with a crime the State and court had dismissed, the court usurped the role of the prosecutor in charging crimes.

¶33  In Montana, county attorneys direct under what conditions a criminal action is commenced, and they supervise and control such action until completion, subject only to restrictions imposed by law. *State ex rel. Fletcher v. Dist. Ct.*, 260 Mont. 410, 414, 859 P.2d 992, 995 (1993). "[W]hen the facts of a case support a possible charge of more than one crime, the crime to be charged is a matter of prosecutorial discretion." *Fletcher*, 260 Mont. at 415, 859 P.2d at 995. In *Fletcher*, the district court violated the separation of powers when it denied the State's motion to dismiss indictments. The State's motion was supported by good cause and was in the furtherance of justice. *Fletcher*, 260 Mont. at 417, 859 P.2d at 996. The District Court here also violated the separation of powers by charging *and convicting* Partain of a crime that had been dismissed by the State pursuant to a valid plea agreement: without statutory authority and without Partain pleading guilty to the newly reinstated charge. *Cf. Rose v. Clark*, 478 U.S. 570, 578, 106 S. Ct. 3101, 3106 (1986) (directing verdict unconstitutional no matter how overwhelming guilt is; "the error in such a case is that the wrong entity judged the defendant guilty."); *State v. Porter*, No. DA 16-0251, Order (Mont. July 11, 2017) (reversing directed guilty verdict upon State's concession).

¶34 In *State v. David*, 266 Mont. 365, 369, 880 P.2d 1308, 1311 (1994), we found no violation of the separation of powers by a court commenting on other charges that might be brought after denying a motion for leave to file an information based upon a lack of probable cause. Here, however, there was probable cause—and indeed guilt—of a crime to which Partain pleaded guilty. The District Court accepted his knowing, voluntary, and intelligent plea. The court then unilaterally decided the prosecutor should have instead brought a different charge that also fit the facts of the case and dismissed the Sexual Abuse of Children charge. This action infringed on prosecutorial discretion and violated the separation of powers.

¶35 Though Partain will not be heard to complain here, this Court cannot permit a district court judge to unilaterally charge crimes, convict defendants without a trial or plea, and sentence them. This system of checks and balances is vital to ensure protection of a defendant's rights. For the same reason, a prosecutor may not unilaterally amend charges without leave of court. *See State v. Cardwell*, 187 Mont. 370, 375, 609 P.2d 1230, 1233 (1980) (holding unconstitutional statute authorizing amended information without leave of court).

**CONCLUSION**

¶36 Under the facts of this case, the District Court had no statutory authority to dismiss a felony charge Partain had already pleaded guilty to and amend or re-charge it with a misdemeanor charge. The court exceeded its lawful authority and invaded the province of the prosecutor in making charging decisions. The sentence is illegal.

¶37 Reversed and remanded for resentencing on the Sexual Abuse of Children conviction consistent with this Opinion.

/S/ CORY J. SWANSON

We Concur:

/S/ KATHERINE M BIDEGARAY
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE

Justice Ingrid Gustafson, concurring.

¶38 This is a difficult case and it is unfortunate the District Court did not fully assess or understand the situation until it had accepted the defendant's guilty plea and convened a sentencing hearing. It is apparent the defendant engaged in rehabilitative and restorative justice advocated by the victim and in which the victim participated. In this regard, privacy in dealing with the situation was of utmost concern to the victim to permit her to address the situation on her own terms within her own timeline. It is clear Judge Deschamps, having been a county attorney with a decades-long career in prosecuting, had a good understanding that public charging and sentencing is not the only means to bring about rehabilitation and public safety, and, at times, charging or over-charging does more harm than good for a victim and society. Regardless of the District Court's best intentions, at the time of sentencing, the District Court was constrained to: dismissing the felony charge in furtherance of justice; rejecting the plea agreement and giving the defendant the opportunity to withdraw his plea; or imposing a sentence—which could have been a

17

deferred imposition of sentence. Upon remand for resentencing, the District Court will have the same constraints. The District Court did not have the authority to resurrect a dismissed charge and then sentence on that charge.

/S/ INGRID GUSTAFSON

Justice Katherine Bidegaray joins in the concurring Opinion of Justice Ingrid Gustafson.

/S/ KATHERINE M BIDEGARAY