FILED

10/14/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0056

DA 24-0056

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 234N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CHAD JEROME WOLFCHILD,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC-22-388
Honorable David J. Grubich, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Brian Owens, Law Office of Brian Owens, Whitefish, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Carrie Garber, Assistant
Attorney General, Helena, Montana

      Joshua Racki, Cascade County Attorney, Amanda Lofink, Deputy
County Attorney, Great Falls, Montana

Submitted on Briefs:  September 10, 2025

Decided:  October 14, 2025

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Chad Jerome Wolfchild appeals his conviction in the Eighth Judicial District Court, Cascade County, for felony theft by common scheme in violation of § 45-6-301(1)(a), MCA. Wolfchild argues that his conviction is not supported by sufficient evidence, and requests plain error review of his claim that the State violated his right to due process by charging him with a single count of felony theft by common scheme. We affirm.

¶3 Between June 6 and June 10, 2022, Wolfchild stole merchandise from the Great Falls Scheels store on several occasions. Scheels Loss Prevention staff became familiar with Wolfchild after surveillance videos showed him taking multiple boxes of fishing line and arrow rests, including on June 6, 2022, when he was accompanied by Carla Cree Medicine. On June 10, 2022, Wolfchild entered Scheels a few seconds after Cree Medicine, who attempted to return one box of fishing line and two arrow rests. The Scheels Loss Prevention staff recognized them and alerted the Great Falls Police Department. After waiving his *Miranda* rights, Wolfchild admitted to the responding police officers that he had taken merchandise from Scheels so that he could get his vehicle out of impound.

¶4 Wolfchild was charged with one count of theft (common scheme), a felony, in violation of § 45-6-301(1)(a), MCA, for stealing merchandise with a total value of

$1,676.88. The State alleged that Wolfchild stole items on several occasions between June 6 and 10, 2022: on June 6, two boxes of fishing line and two arrow rests worth $736.92; on June 7, one box of fishing line and one arrow rest worth $409.98; and two additional arrow rests worth $529.98 (later identified as stolen on June 9).

¶5 A bench trial was held on October 2, 2023. The State presented surveillance video footage from June 6 and 9, 2022, which showed Wolfchild, across three different occasions, concealing a total of two boxes of fishing line and four arrow rests in his pants and leaving the store without paying for them. The District Court found that Wolfchild stole four items worth $736.92 on June 6, 2022, and stole two items worth $529.98 on June 9, 2022.

¶6 The June 7, 2022 surveillance video footage presented at trial did not capture Wolfchild in the act of concealing merchandise, but it showed Wolfchild carrying a box of fishing line and an arrow rest in his hand to the store's food prep area, which was out of camera view. Wolfchild returned to camera view without the items in his hand, unsuccessfully attempted to purchase an unknown item, and exited the store without visibly holding any merchandise. A Scheels Loss Prevention employee testified that they did not find the fishing line or arrow rest after searching the food prep area. Exterior surveillance videos admitted at trial showed Wolfchild joining Cree Medicine outside Scheels and walking together toward a pawn shop across the street. The footage shows Wolfchild holding a white item and handing an unidentified object to Cree Medicine just before she entered the pawn shop alone. The pawn shop employee testified that Cree Medicine pawned a Mathews arrow rest, which photos admitted into evidence showed to be packaged

in a white box. The District Court found beyond a reasonable doubt that Wolfchild took the fishing line and Mathews arrow rest worth $408.99 on June 7, 2022, did not pay for them, and handed Cree Medicine the arrow rest to pawn. After finding that the total value of the merchandise stolen by Wolfchild was $1,675.89, and that the State had met its burden beyond a reasonable doubt, the District Court found Wolfchild guilty of felony theft by common scheme.[1]

¶7 We review claims of insufficient evidence de novo. *State v. Christensen*, 2020 MT 237, ¶ 11, 401 Mont. 247, 472 P.3d 622. When determining whether sufficient evidence supports a conviction, we review the record in the light most favorable to the prosecution. *Christensen*, ¶ 11. This Court generally does not address issues raised for the first time on appeal. *State v. George*, 2020 MT 56, ¶ 4, 399 Mont. 173, 459 P.3d 854 (citing *State v. Hatfield*, 2018 MT 229, ¶ 15, 392 Mont. 509, 426 P.3d 569). However, we may discretionally "review unpreserved claims alleging errors implicating a criminal defendant's fundamental rights under the common law plain error doctrine." *George*, ¶ 4 (citing *State v. Akers*, 2017 MT 311, ¶ 13, 389 Mont. 531, 408 P.3d 142).

¶8 Wolfchild argues that insufficient evidence supported his conviction for felony theft by common scheme, because the State failed to prove beyond a reasonable doubt that the merchandise stolen by Wolfchild exceeded $1,500. Wolfchild contends that neither the

---

[1] We note that the charging documents and the District Court's findings of fact use slightly different values for the items stolen on June 7 ($409.98 and $408.99, respectively) and the total value stolen ($1,676.88 and $1,675.89, respectively) This discrepancy of ninety-nine cents is immaterial to our ultimate holding, it is not prejudicial to Wolfchild, and the trial evidence supported the District Court's findings.

4

surveillance video evidence nor trial testimony proved that he was in control of the items stolen on June 7, 2022, and that the evidence showed instead that Cree Medicine was in sole possession of them.

¶9 Sufficient evidence supports a conviction if, "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Christensen*, ¶ 118 (quoting *State v. Daniels*, 2019 MT 214, ¶ 27, 397 Mont. 204, 448 P.3d 511). It is the factfinder's role to "evaluate the credibility of witnesses, weigh the evidence, and ultimately determine which version of events should prevail." *State v. Burnett*, 2022 MT 10, ¶ 15, 407 Mont. 189, 502 P.3d 703 (citing *State v. Bekemans*, 2013 MT 11, ¶ 20, 368 Mont. 235, 293 P.3d 843). We ask whether sufficient evidence supports the factfinder's conclusions, not whether the evidence could have supported a different result. *Burnett*, ¶ 15 (citing *State v. Weigand*, 2005 MT 201, ¶ 7, 328 Mont. 198, 119 P.3d 74).

¶10 A person commits the offense of theft when the person "purposely or knowingly obtains or exerts unauthorized control over property of the owner and . . . has the purpose of depriving the owner of the property." Section 45-6-301(1)(a), MCA. When the theft of property occurs as part of a common scheme, as defined in § 45-2-101, MCA (2019), the offense is a felony. Section 45-6-301(7)(b)(ii), MCA (2019).[2] Section 45-2-101(8), MCA (2019), defines a common scheme as a

---

[2] The thefts occurred in June 2022, when the 2019 versions of these statutes were in effect. They were amended by the 2025 Legislature, which may have contributed to the parties' inconsistent citations to the felony theft provision in their briefs. *See* 2025 Mont. Laws ch. 583, § 2 (revising and restructuring § 45-6-301(7), MCA).

series of acts or omissions resulting in a pecuniary loss to the victim of at least $1,500, or $1,500 in value, motivated by a purpose to accomplish a single criminal objective or by a common purpose or plan that results in the repeated commission of the same offense or that affects the same person or the same persons or the property of the same person or persons.

"Amounts involved in thefts committed pursuant to a common scheme . . . may be aggregated in determining the value of the property." Section 45-6-301(8), MCA.

¶11 Wolfchild argues that the State did not prove beyond a reasonable doubt that he stole items worth $408.99 on June 7, 2022, and insufficient evidence supported the District Court's finding that he stole merchandise worth $1,675.89 in total. Wolfchild asserts that because neither the surveillance footage nor any witnesses saw Wolfchild conceal the fishing line and arrow rest, exit Scheels while holding them, or hand them to Cree Medicine, any inference that Wolfchild removed the items from Scheels is conjecture. According to Wolfchild, the same footage and testimony demonstrates that Cree Medicine was in sole possession of the arrow rest she pawned and the items she attempted to return on June 10, 2022, and that she had a prior opportunity to steal them.

¶12 The District Court found, beyond a reasonable doubt, that Wolfchild took the fishing line and arrow rest from Scheels on June 7, 2022, based on surveillance videos, photos, and witness testimony presented at trial. Surveillance footage showed Wolfchild carrying a box of fishing line and an arrow rest out of camera view, returning with empty hands, and exiting the store soon afterward. According to testimony, the items were not found when employees searched the area. The District Court also noted that based on video evidence of Wolfchild concealing merchandise in his pants on other days, Wolfchild was very fast and efficient at doing so. Exterior surveillance footage showed Wolfchild

6

walking with Cree Medicine from Scheels to the pawn shop, and Wolfchild appeared to be holding a box of similar color, size, and shape as the Mathews arrow rest box. The footage also showed Wolfchild handing something to Cree Medicine before she entered the pawn shop, where she pawned a Mathews arrow rest in a white box.

¶13 Viewing this evidence in the light most favorable to the prosecution, any rational trier of fact could have found that Wolfchild took the fishing line and the arrow rest from Scheels on June 7, 2022. *See Christensen*, ¶ 118. It is not our role to reweigh the video evidence and witness testimony, nor will we second-guess the District Court's determination that the State proved its version of the June 7 events beyond a reasonable doubt. *See Burnett*, ¶ 15. Sufficient evidence supported the District Court's finding beyond a reasonable doubt that Wolfchild stole merchandise worth $408.99 on June 7, and that the total value of merchandise stolen by common scheme exceeded $1,500.

¶14 Wolfchild also requests that we exercise plain error review to address his claim that the single-count charge for felony theft by common scheme violated his fundamental right to due process. For the first time on appeal, Wolfchild contends that the State must bring separate misdemeanor theft charges to ensure that the State proves each essential element of each predicate offense beyond a reasonable doubt.

¶15 "We review an unpreserved claim, under the common law plain error doctrine, at our discretion." *State v. Favel*, 2015 MT 336, ¶ 23, 381 Mont. 472, 362 P.3d 1126. The party requesting reversal of plain error must (1) show the claimed error implicates a fundamental right, and (2) firmly convince us that failure to review the error would cause a manifest miscarriage of justice, leave unsettled the question of fundamental fairness of

7

the trial or proceedings, or compromise the integrity of the judicial process. *George*, ¶ 5 (citing *Akers*, ¶ 13); *Favel*, ¶ 23.

¶16 Wolfchild has not demonstrated that being charged with a single count of common scheme felony theft implicated his fundamental right to due process. It is indisputable that due process requires the State to prove each element of a crime beyond a reasonable doubt. *See State v. Laird*, 2019 MT 198, ¶ 59, 397 Mont. 29, 447 P.3d 416; *Akers*, ¶ 14 (quoting *Addington v. Texas*, 441 U.S. 418, 423-24, 99 S. Ct. 1804, 1808 (1979)). Wolfchild goes beyond this fundamental principle in arguing that due process requires the State to specifically plead each predicate offense as individual counts in the charging documents. Wolfchild does not provide any authority to support this universal requirement, and instead invokes our decision in *State v. Rowe* to imply one.[3] *See State v. Rowe*, 2024 MT 37, 415 Mont. 280, 543 P.3d 614.

¶17 Wolfchild's reliance on *Rowe* is misplaced. *Rowe* identified two fundamental errors with the State's "common scheme" sexual assault charge that led to the improper admission of prejudicial bad acts evidence, which prevented a fair and impartial trial. *Rowe*, ¶¶ 19-20, 22, 27. First, the "common scheme" sexual assault charge was not cognizable under Montana law. *Rowe*, ¶ 20. Second, charging a single count of "common scheme" sexual assault violated procedural joinder rules and allowed improper admission of prejudicial

---

[3] Wolfchild also supports his argument by citing this Court's unpublished Opinion in *State v. Cazier*, No. DA 18-0473, 2019 MT 259N, 2019 Mont. LEXIS 662. Because our unpublished opinions are not to be cited as binding precedent, we disregard Wolfchild's citation to *Cazier*. *See State v. Oie*, 2007 MT 328, ¶ 16, 340 Mont. 205, 174 P.3d 937; *State v. Kortan*, 2022 MT 204, ¶ 19 n.2, 410 Mont. 336, 518 P.3d 1283.

8

evidence. *Rowe*, ¶ 22. The Court reasoned that each predicate offense for an alleged "'common scheme' must generally be distinctly pled in separate counts." *Rowe*, ¶ 22 (citing § 46-11-404(1), (3), MCA (criminal procedure joinder rules)).

¶18    *Rowe*'s fundamental errors and general observation about separate counts have no bearing on Wolfchild's charge for felony theft by common scheme. Unlike the "common scheme" charge in *Rowe*, which was not cognizable under Montana law, felony theft by common scheme is a cognizable offense defined by §§ 45-6-301(7)(b)(ii), 45-2-101(8), and 45-6-301(8), MCA (2019). As a cognizable offense, felony theft by common scheme can be charged as a single count without impermissibly joining claims or supporting the improper admission of prejudicial evidence. Additionally, interpreting *Rowe* as universally requiring separate counts ignores the longstanding practice of charging common scheme property crimes as a single count. *See, e.g.*, *State v. Milhoan*, 224 Mont. 505, 510-12, 730 P.2d 1170, 1173-74 (1986) (upholding conviction for single count of common scheme felony theft of employer's goods and services across five years); *Stilson v. State*, 278 Mont. 20, 25-26, 924 P.2d 238, 241 (1996) (upholding county-specific convictions for single counts of issuing bad checks as common scheme under § 45-6-316, MCA); *State v. Deshazer*, 2016 MT 8, ¶¶ 2, 5-6, 382 Mont. 97, 365 P.3d 475 (upholding conviction for single count of common scheme felony theft for double-cashing seven paychecks).

¶19    Wolfchild has not shown how being charged with a single count of felony theft by common scheme reduced the State's burden to prove the essential elements of each offense beyond a reasonable doubt. Wolfchild asserts that the single charge precluded him from being found guilty of a misdemeanor, rather than a felony. But § 45-6-301(8), MCA,

9

expressly allows the State to aggregate "[a]mounts involved in thefts committed pursuant to a common scheme" when determining the value of the property stolen. The charging documents alleged that Wolfchild stole items worth $736.92 on June 6, items worth $409.98 on June 7, and items worth $529.98 on a different occasion. While these facts may have supported multiple individual misdemeanor theft charges, in the aggregate they supported a charge for felony theft by common scheme. Because the alleged facts supported a possible charge of more than one crime, the prosecution had discretion in which to pursue. *See State v. Partain*, 2025 MT 83, ¶ 33, 421 Mont. 375, 567 P.3d 932.

¶20 Wolfchild argues that charging a single count of felony theft by common scheme "makes it difficult for the trier of fact to not convict on all thefts," but he does not identify any part of the record where the single count affected the District Court's findings. The State presented multiple witnesses, surveillance videos, and photos of recovered merchandise to prove that Wolfchild stole merchandise on June 6, June 7, and June 9. The District Court relied on the evidence presented to identify each predicate offense and to individually determine that Wolfchild had committed each theft beyond a reasonable doubt. Nothing in the record suggests that the District Court would have been any less likely to convict Wolfchild of a misdemeanor charge for the June 7, 2022 theft than it was to convict him for felony theft by common scheme.

¶21 Because Wolfchild has not demonstrated that being charged with a single count of felony theft by common scheme implicated his fundamental right to due process, we will not apply the plain error doctrine to reverse his conviction. *See George*, ¶ 5; *Favel*, ¶ 23.

10

¶22 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ KATHERINE M. BIDEGARAY
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ JIM RICE